A93A2409. WILSON v. THE STATE.
(441 SE2d 808)

Smith, Judge.

Deborah Lynn Wilson was indicted by a Clayton County grand jury on two counts of financial transaction card theft, OCGA § 16-9-31, and five counts of forgery in the first degree, OCGA § 16-9-1. She was convicted on all counts, her motion for new trial was denied, and she appeals.

1. Wilson enumerates as error the general grounds on the denial of her motions for directed verdict of acquittal and for new trial. Viewed in the light most favorable to the verdict, the evidence showed that a Citibank Visa card was issued to Julie Ann Drake, and a Citibank Mastercard was issued to Leslie Ferris, née Defore. Drake, Defore, and Wilson worked as cashiers at a restaurant. Wilson worked at the same time and in the same area with Drake on July 15, 1991, and with Defore on July 16, 1991. Wilson was stationed in the area where their pocketbooks were kept, an area inaccessible to the public. Both Drake and Defore testified that their credit cards were in their possession shortly before they went to work and that they discovered the cards missing shortly thereafter. Both Drake and Defore testified that they did not authorize Wilson to take or use their cards.

Wilson was identified by a salesperson at Sandy's Jewelry as the individual who used Drake's credit card on July 15, 1991 to purchase jewelry on layaway. The same salesperson also identified Wilson as the individual who used Defore's credit card on July 16, 1991, telling the salesperson it belonged to her sister. The salesperson testified that she recognized Wilson as a regular customer but did not remember her name at the time of the purchases. She identified the charge slips signed by Wilson on both occasions. Wilson denied having taken or used the credit cards. A rational trier of fact could reasonably have concluded that Wilson was guilty of the offenses charged beyond a reasonable doubt. *Alexander v. State*, 186 Ga. App. 787, 788 (1) (368 SE2d 550) (1988); *Goswick v. State*, 201 Ga. App. 799 (412 SE2d 293) (1991) (financial transaction card fraud, OCGA § 16-9-33).

2. Wilson also enumerates as error the trial court's instruction to the jury in the language of OCGA § 16-9-31 (d). She contends that the reference in that Code section to a "prima facie case" impermissi-

bly shifted the burden of proof. Assuming without deciding that the trial court erred in charging in the language of the Code section, we find no basis for reversal in this enumeration. The trial court thoroughly instructed the jury on the burden of proof and specified that it must be met as to each element of the crime charged. The trial court also charged on presumption of innocence, intent, and circumstantial evidence. Considering the charge given as a whole, " '[i]t is clear to us beyond a reasonable doubt that any error in (the charge) did not contribute to the verdict of guilty and thus was harmless. (Cits.)' [Cit.]" *Bartlett v. State*, 196 Ga. App. 174, 176 (3) (396 SE2d 31) (1990).

3. Wilson also contends that the trial court erred in charging the jury regarding the date and time in the indictment. "In proving the time of the commission of an offense the State is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove its commission on any date within the statute of limitations. The date here was not alleged as 'material' so as to require its proof with specificity." (Citations and punctuation omitted.) *Moore v. State*, 207 Ga. App. 892, 894 (1) (429 SE2d 335) (1993). Moreover, the State offered in evidence, and the salesperson identified, credit card receipts showing the date and time of the transactions in question, as alleged in the indictment. This enumeration of error has no merit.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 8, 1994.

*Joseph M. Todd*, for appellant.
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney*, for appellee.