S98A1343. LACEY v. THE STATE.
(507 SE2d 441)

CARLEY, Justice.

A zoning ordinance in Fayette County permits only single-family dwellings in areas which are zoned agricultural-residential. Lee Lacey was charged with violating that ordinance. The trial court overruled general demurrers challenging the constitutionality of the ordinance and, after a jury found Lacey guilty, entered a judgment of conviction and sentence.

1. Only one of Lacey's constitutional challenges on appeal was raised in the trial court prior to the jury's verdict. Constitutional attacks "must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury." *Brackett v. State*, 227 Ga. 493 (2) (181 SE2d 380) (1971). See also *Gainey v. State*, 232 Ga. 334 (206 SE2d 474) (1974). As to those constitutional issues raised in an untimely manner below, Lacey is barred from raising them on appeal. *Glean v. State*, 268 Ga. 260, 263 (2) (b) (486 SE2d 172) (1997).

2. Lacey's only timely challenge asserted that the zoning ordinance was a violation of his federal and state constitutional right to the free exercise of religion. Lacey, who is a minister, contends that he was practicing his religion by sharing his home, for a monthly rental, with a family which, due to bankruptcy, was encountering difficulty finding a suitable place to rent.

Generally, churches may not be absolutely excluded from a residential area. *Rogers v. Mayor &c. of the City of Atlanta*, 110 Ga. App. 114, 116 (1) (137 SE2d 668) (1964). In his capacity as a landlord, however, Lacey did not act on behalf of a church, and the use of his own private residence for rental purposes "is not a use necessarily incidental to that of a church or parochial school. . . ." *Association for Educational Development v. Hayward*, 533 SW2d 579, 587 (Mo. 1976). Furthermore, the impermissible use of Lacey's home does not result from his profession as a minister or his religious motivation,

but because of the sharing of his home with members of a separate family. See *Macon Assn. for Retarded Citizens v. Macon-Bibb County Planning & Zoning Comm.*, 252 Ga. 484, 487 (2) (314 SE2d 218) (1984). A claim of religious liberty cannot constitute a defense against enforcement of valid police regulations or penal laws. *Coleman v. City of Griffin*, 55 Ga. App. 123, 128 (189 SE 427) (1936). That Lacey has a religious motivation does not require a court to declare an ordinance, which is valid as to others, to be invalid as to him. To do so would leave the governing authority with the power to grant zoning variances to one citizen because he is found to have an acceptable religious motivation and to deny a variance to another who is found to have an unacceptable religious motivation or whose religious motivation is determined to be a subterfuge. *Association for Educational Development v. Hayward*, supra at 588. Accordingly, we conclude that the zoning ordinance underlying Lacey's conviction does not violate his constitutional right to the free exercise of religion.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1998 —
RECONSIDERATION DENIED OCTOBER 23, 1998.

*Ballard & Ballard, Scott L. Ballard,* for appellant.
*Steven L. Harris, Solicitor,* for appellee.