## S98A1632. WORTHEM v. THE STATE.
### (509 SE2d 922)

SEARS, Justice.

Appellant Derrick Worthem appeals his conviction for the felony murder of an Atlanta convenience store clerk,[1] claiming that the evidence presented at trial failed to support the conviction, and that the trial court erred in failing to charge the jury on voluntary manslaughter. Finding no merit to either of these enumerations, we affirm.

The evidence introduced at trial established that one morning in October 1996, Worthem entered the Omni Supermarket, pointed a gun at the chest of store employee Jong Kyung Jun, and demanded money. Attempting to defend himself, Jun retrieved a pistol from behind the store counter, and shot Worthem in the leg. Worthem responded by fatally shooting Jun four times; twice in the chest from

---

[1] The murder was committed on October 17, 1996, and Worthem was indicted in January 1997 on one count of malice murder, two counts of felony murder (with underlying felonies of aggravated assault and attempted armed robbery), and one count of attempted armed robbery. A trial was held on February 10-12, 1998, and Worthem was found guilty of both counts of felony murder and attempted armed robbery. Worthem was sentenced to two concurrent life sentences on the felony murder convictions, and the attempted armed robbery conviction was vacated by operation of law. On February 23, 1998, the trial court ordered that the record be corrected to show that Worthem was sentenced to only one life sentence for felony murder based upon the underlying felony of attempted armed robbery, and that the second felony murder conviction and the conviction for attempted armed robbery were vacated by operation of law. Worthem's new trial motion was filed on March 10, 1998, amended on May 19, 1998, and denied on June 1, 1998. The transcript was certified by the court reporter on March 7, 1998. Worthem's notice of appeal was timely filed on June 26, 1998; his appeal was docketed in this Court on July 10, 1998; and the appeal was submitted for decision without oral argument on August 31, 1998.

a distance of six inches, once in the right leg, and once in the left wrist. As he exited the store, Worthem shot at, but did not hit, Jun's mother-in-law, who was sweeping the area outside the store. Witnesses who lived nearby the convenience store heard the gunshots, and saw a man matching Worthem's description walk away from the store.

Worthem immediately went to the nearby apartment of his cousin, Jackson, and her husband. He told the Jacksons that several men had robbed and shot him. The Jacksons took Worthem's gun and shirt, and hid them in the apartment. They then called emergency services, explaining that Worthem had been shot. When police officers arrived, the Jacksons turned over Worthem's gun and shirt to them. A ballistics expert later determined that the shots that killed Jun had been fired from Worthem's gun.

Worthem was transferred to a nearby hospital where, after being read his *Miranda* rights, he gave a statement to police officers in which he admitted that he went to the convenience store with the intention of robbing it. Worthem stated that after the victim, Jun, shot him, he fired four or five shots at Jun "in self defense," and fled the store. At trial, Ms. Jackson testified that she had previously heard Worthem state that he intended to rob a store because he needed money.

1. The evidence introduced at trial was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Worthem is guilty of the crimes for which he was convicted.[2] Contrary to Worthem's argument, his conviction is not premised solely upon his in-custody confessional statement, as there was sufficient evidence introduced to corroborate his confession to police.[3] Such corroborating evidence included expert testimony showing that the fatal shots were fired from Worthem's gun; the testimony of persons living near the convenience store that someone matching Worthem's description exited the store area immediately after the shooting; the Jacksons' testimony that Worthem appeared at their doorstep shortly after the shooting with a gunshot wound to his leg and in possession of the murder weapon; and Ms. Jackson's testimony that Worthem stated he intended to rob a store for money. This evidence is more than sufficient to corroborate Worthem's confession.[4]

2. The trial court did not err by refusing to charge the jury on voluntary manslaughter, as requested by Worthem. Voluntary man-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Miller v. State*, 268 Ga. 1, 2 (485 SE2d 752) (1997) ("Although an uncorroborated confession cannot support a conviction under OCGA § 24-3-53, corroboration of a confession in any particular satisfies the requirements of the statute.").

[4] Id.

slaughter occurs when one kills "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person."[5] While being fired upon may be "serious provocation," it does not follow that a charge of voluntary manslaughter will be warranted in every case involving an exchange of gunfire. As noted, Worthem claimed he shot Jun in self-defense. Precedent shows that the provocation necessary to support a charge of voluntary manslaughter is markedly different from that which will support a self-defense claim.[6] The distinguishing characteristic between the two claims is whether the accused was so influenced and excited that he reacted passionately rather than simply in an attempt to defend himself.[7] Only where this is shown will a charge on voluntary manslaughter be warranted.

The evidence in this case showed that Worthem initiated the conflict by aggressively assaulting Jun with deadly force, and that Jun only fired upon Worthem in an effort to protect himself from harm. In no way does this evidence suggest that Worthem acted out of "sudden, violent, and irresistible passion," as a reasonable person would have done in similar circumstances. Moreover, Worthem's own statement was that he shot Jun because "he shot me, so you know, I just — self defense." A charge on voluntary manslaughter is not available to a defendant whose own statement unequivocally shows that he was not angered or impassioned when a killing occurred, and when the other evidence does not show otherwise.[8] Accordingly, the trial court did not err in refusing to give Worthem's requested jury charge.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999 —
RECONSIDERATION DENIED FEBRUARY 8, 1999.

*Gayle D. Bacon,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Carol M. Kayser, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.

---

[5] OCGA § 16-5-2 (a).
[6] *Murff v. State*, 251 Ga. 478, 480 (306 SE2d 267) (1983).
[7] *Woody v. State*, 262 Ga. 327, 328 (418 SE2d 35) (1992).
[8] *Woody,* supra.