S99A0725. KOLOKOURIS v. THE STATE.
(523 SE2d 311)

HINES, Justice.

Kolokouris was charged with two counts of aggravated assault and one count of reckless conduct for an incident in which he shot at two minors at a convenience store. A jury found Kolokouris not guilty of the aggravated assault charges, but found him guilty of reckless conduct. He was sentenced to twelve months incarceration, with ten days to serve in confinement and the balance on probation, and was assessed a $1,000 fine. He now appeals, challenging the constitutionality of the reckless conduct statute, OCGA § 16-5-60 (b).

Construed to support the verdict, the evidence showed that at approximately 4:00 on a July afternoon, Kolokouris, an off-duty jailer, drove up to a gas station convenience store and observed two minors, one age fifteen, one thirteen, outside the store, near some propane gas tanks at the side of the store. They had been drinking from the water spigot at the side of the store, had played there for some minutes, and were preparing to leave. As Kolokouris entered the store, he saw the two youths walk toward the front door of the store, with one young man holding what appeared to be a pistol; in fact, the only "weapons" the youths had were B.B. guns, and they were walking around the front of the building to return home. Upon entering the store, Kolokouris drew his pistol and fired three shots through the store's front window at the youths, wounding one in the neck. A customer was at the gasoline pumps fueling his vehicle but was not injured.

1. Kolokouris contends that the reckless conduct statute, OCGA § 16-5-60 (b), as applied to his case, is unconstitutionally vague, and that its application violates his right to bear arms found in the Second Amendment to the United States Constitution and in Article I, Section I, Paragraph VIII, of the Georgia Constitution of 1983. These arguments were not raised until his motion for new trial, and his amended motion for new trial, respectively.

Challenges to the constitutionality of a statute " 'must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury.' [Cit.]" *Lacey v. State*, 270 Ga. 37 (1) (507 SE2d 441) (1998). See also *Glean v. State*, 268 Ga. 260, 263 (2) (b) (486 SE2d 172) (1997). At the hearing on Kolokouris's motion for new trial, he addressed whether these issues were timely raised, and contended that he was, in fact, raising them "at the first

opportunity" because the challenges were "as applied," and the court needed the benefit of all evidence before ruling on the challenges. However, even accepting that all evidence was necessary to a determination, Kolokouris did not question the constitutionality of OCGA § 16-5-60 (b) at the close of the State's evidence, or at the close of all evidence. " 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' [Cit.]" *Rowe v. State*, 266 Ga. 136, 137 (2) (464 SE2d 811) (1996).

2. Kolokouris urges that the evidence was insufficient to sustain a conviction of reckless conduct, contending that his actions were deemed justifiable by the jury, as is evidenced by his acquittal on the aggravated assault charges.

> That the jury acquitted appellant of the aggravated assault charge[s] does not make the evidence of [reckless conduct] any less sufficient; furthermore, even if the acquittal[s] were inconsistent with the conviction, the inconsistency cannot be used as an avenue to challenge the conviction since the "inconsistent-verdict rule" has been abolished in this State. *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). Cf. *Dumas v. State*, 266 Ga. 797 (2) (471 SE2d 508) (1996).

*Metts v. State*, 270 Ga. 481, 483 (2) (511 SE2d 508) (1999). "The *Milam* ruling stands for the proposition that a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count." *Dumas v. State*, supra at 799 (2). Kolokouris cannot argue inconsistency between the aggravated assault and reckless conduct verdicts. The only question is whether the evidence is sufficient to sustain a conviction for reckless conduct. *White v. State*, 268 Ga. 28, 29 (486 SE2d 338) (1997). And the evidence is sufficient.

OCGA § 16-5-60 (b) provides:

> A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

It is unquestioned that Kolokouris caused bodily harm to one of the victims and endangered the bodily safety of the other. However, he argues that he did not have the requisite state of mind, as he acted intentionally, deliberately trying to kill the victims, rather

than acting with criminal negligence, as required by OCGA § 16-5-60 (b), and he cites *Dunagan v. State*, 269 Ga. 590, 592 (2) (a) (502 SE2d 726) (1998) for the proposition that an intentional act and criminal negligence preclude each other. Assuming that a violation of OCGA § 16-5-60 (b) requires that the defendant act with criminal negligence, Kolokouris's argument is unavailing. The jury's acquittal of Kolokouris on the aggravated assault charges does not establish that his justification defense was accepted, and that he was acting with intent; the verdict form does not reveal why he was acquitted. Nor did the jury find Kolokouris guilty of two crimes which are mutually exclusive; he was convicted only of reckless conduct and was not found guilty of any crime based on an intentional criminal act. Compare *Dumas*, supra. It was for the jury to decide what Kolokouris's state of mind was, and the evidence was such that the jury could find that a reasonable person would exercise more care in determining the truth of the situation before firing a pistol.

3. Both victims are African-Americans; Kolokouris is Caucasian. On direct examination, Kolokouris was asked by his counsel whether it mattered to him what the color of the victims' skin was, and whether he had any prejudice or bias at the time of the shooting, and he responded negatively to both questions. In rebuttal, the trial court allowed the State to present the testimony of a former girlfriend who testified that Kolokouris expressed racist views towards African-Americans eight or nine years before the shooting.[1]

Kolokouris contends there was no evidence that the shooting was racially motivated, but race was a possible motive that he himself introduced. His direct testimony denying racial bias as a possible motive made relevant his former girlfriend's testimony rebutting the explanation Kolokouris desired that the jury accept: that racial bias was no part of his reason for shooting at the victims. See *Smith v. State*, 270 Ga. 240, 246 (7) (510 SE2d 1) (1998).

Certainly racial bias is an evidentiary matter that should be presented to a jury with great care. However, when relevant, the trial court has the discretion to admit such evidence through proper questioning. See OCGA § 24-2-1; *Mitchell v. State*, 200 Ga. App. 146, 148 (2) (407 SE2d 115) (1991). This is such a case. Evidence as to motive is relevant, even though it may incidentally place the defendant's character in issue. See *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990). This is especially true when, as in this case, the defendant has himself introduced the issue. Although the evi-

---

[1] The court also ruled that, although Kolokouris may have, through cross-examination of his former girlfriend, opened the door to other matters concerning his past behavior and expressed attitudes, the testimony of his former girlfriend would be confined to rebuttal of his direct testimony.

dence objected to concerned Kolokouris's expression of racial bias some time before the shooting, the trial court did not abuse its discretion in admitting the testimony of his former girlfriend in rebuttal to his direct testimony.

4. Kolokouris sought to introduce evidence that one of the victims was a member of a street gang, citing *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991) to both the trial court and this Court. However, *Chandler* permits introduction of evidence of the victim's specific acts of violence against third persons when the defendant is claiming justification. Id. at 407 (3) (b). Here the trial court allowed evidence of prior crimes by the victim, but barred most evidence of gang membership. The court also ruled that in cross-examining the victim about specific violent incidents in the victim's past, Kolokouris could ask whether the victim was a member of the King Folks gang at the time of the incident. Kolokouris did not avail himself of this opportunity.

There was no error. Mere membership in a gang is not a specific act of violence. Further, the victim's character is rarely relevant for any purpose in a criminal proceeding. OCGA § 24-2-2; *Johnson v. State*, 270 Ga. 234, 235 (3) (507 SE2d 737) (1998); *Austin v. State*, 268 Ga. 602 (2) (492 SE2d 212) (1997). Although a defendant is entitled to a thorough and sifting cross-examination as to all relevant issues, the trial court, in determining the scope of relevant cross-examination, has a broad discretion. *Johnson*, supra at 235 (2). " 'Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way and to whatever extent, the defense might wish.' [Cit.]" *Johnson v. State*, 258 Ga. 504, 505 (3) (371 SE2d 651) (1988). Evidence of the victim's gang membership was not admissible under *Chandler*, and was not relevant to the trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*Summer & Summer, Daniel A. Summer, Elizabeth B. Reisman,* for appellant.

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.