### A99A2315. MORTON v. THE STATE.
(526 SE2d 862)

BLACKBURN, Presiding Judge.

Theorell Lemont Morton appeals, following a jury trial, from his convictions of two counts of armed robbery, one count of aggravated assault, one count of possession of a firearm during the commission of certain crimes, and one count of theft by receiving stolen property. Morton contends that there was insufficient evidence to support the verdict. We find that the evidence was sufficient, and we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Morton] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Barber v. State*, 235 Ga. App. 170 (509 SE2d 93) (1998); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence at trial showed that on January 10, 1997, between 2:30 and 3:00 a.m., two men held up Huddle House on Washington Road in Augusta. Although both men wore masks, one man wore a blue fatigue jacket and the other wore a green and white Starter jacket. While the man in the green and white Starter jacket got the money, the man in the blue jacket held a gun on the employees and

---

threatened to kill one of them. The gun's handle was wrapped with tape. Immediately after the two men left, the employees called the police, who arrived forthwith.

The police searched the parking lot of a neighboring apartment complex and found a stolen car with the doors open and the motor running. Because the car had been "straight dash wired," the steering column on the car was broken open. Inside the car the police found a mask and the pistol that had been used in the robbery. Soon after, Morton and a co-defendant were stopped while they were walking up the ramp to Interstate 20. Both men were wearing clothes identical to the clothes worn by the perpetrators of the robbery, although the jackets had been turned inside-out. The co-defendant had a screwdriver that he tried to throw away when he was arrested. Morton had $124 in his sock and $30 in his jacket.

That night the waitress from Huddle House identified Morton as the man who had held a gun on her and demanded the money. She made the same identification at trial. A customer from Huddle House also identified Morton that evening and at trial.

Although Morton contends that the witnesses' identification of him was insufficient because no one saw his face,

> [i]dentity is a question for the trior of fact, and where a witness identifies a defendant (whether the identification be based on the defendant's eyes, clothes, hairline or some intangible factor not capable of description), the credibility of the witness making such identification is not to be decided by this court.

(Punctuation omitted.) *Wimberly v. State*, 233 Ga. 386, 387 (3) (211 SE2d 281) (1974). This evidence is sufficient to authorize the jury's finding that Morton was guilty, beyond a reasonable doubt, of the offenses of which he was convicted. See *Jackson*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 7, 1999.

*Ellis R. Garnett*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.