Deborah Lynn WILSON, Petitioner,

v.

**Guy HICKMAN; Board of Paroles, Respondents.**

**No. Civ.A. 1:99–CV–511–ODE.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 16, 2000.

Deborah Lynn Wilson, Davisboro, GA, petitioner pro se.

Neal Bradley Childers, Office of State Attorney General, Atlanta, GA, for respondents.

## ORDER

ORINDA D. EVANS, Chief Judge.

The instant petition for habeas corpus is currently before the court on the December 14, 1999 Report and Recommendation ("R & R") of Magistrate Judge C. Christopher Hagy. In the R & R, Magistrate Judge Hagy recommends dismissing the Respondents' motion to dismiss the petition as unexhausted. On December 23, 1999, Respondents filed objections to the R & R.

When a party files timely objections to a Magistrate Judge's recommended disposition of a dispositive matter, a district court must make a de novo determination as to any portion of the disposition to which the party objects. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(B). Accordingly, this court must review the objected-to portions of the August 30, 1999, R & R on a de novo basis.

Because Respondent does not object to the facts as outlined in the Magistrate Judge's R & R, the court will adopt those facts as set forth herein except as otherwise noted, omitting those facts that are irrelevant to the issues before the court. The court also adopts herein all undisputed statements of law contained in the R & R.

On February 24, 1993, Petitioner was convicted, in the Superior Court of Clayton County, of two counts of financial transaction card theft and five counts of forgery in the first degree. Wilson v. State, 212 Ga.App. 325, 441 S.E.2d 808 (1994) (Affirming convictions and sentences). Petitioner was sentenced as a recidivist pursuant to the terms of O.C.G.A. § 17–10–7, now O.C.G.A. § 17–10–7(c), and received total sentences of ten years' confinement. Id. On December 13, 1993, the Parole Board notified Petitioner that it had established a tentative parole month of June, 1996, in her case. On December 18, 1995, in anticipation of Petitioner's release on parole, she was transferred to a transitional center. Subsequently, on January 12, 1996, and February 7, 1996, the Parole Board notified Petitioner that she was no longer eligible for parole consideration due to her recidivist status. Petitioner was then returned to prison in order to serve the remainder of her sentences.

On June 17, 1996, Petitioner filed a 42 U.S.C. § 1983 action in this court challenging the Parole Board's alleged ex post facto application of the Georgia statute prohibiting parole eligibility for certain recidivists. By Order of this court, that Complaint was dismissed on June 2, 1997.

On October 7, 1996, while the aforementioned federal civil rights action was pending, Petitioner filed a petition for state habeas corpus relief in the Dekalb County Superior Court. On June 24, 1998, the state habeas corpus court denied relief. Subsequently, on January 15, 1999, the Georgia Supreme Court denied her application for a certificate of probable cause.

Respondents have filed a motion to dismiss the parole board as a party-respondent as well as a motion to dismiss the petition for failure to exhaust local remedies. In his R & R, the Magistrate Judge recommends denying Respondents' motion to dismiss the parole board. Because there are no objections to this finding, it shall be adopted as unopposed. Accordingly, Defendants' motion to dismiss the

parole board as a party respondent is hereby DENIED.

With respect to Respondents' motion to dismiss for lack of exhaustion, the Magistrate Judge finds that Petitioner fairly presented each claim before the state court. In this case, Petitioner raises four claims:

I. The Parole Board's decision to deny parole after it had set a temporary parole month was based on an *ex post facto* application of Georgia law;

II. Petitioner was denied the due process of law when she was returned to prison without a hearing;

III. The Parole Board violated Petitioner's right to equal protection of the laws by applying a Georgia law to her alone; and

IV. The Georgia law that provides that recidivists are ineligible for parole is void for vagueness.

Respondents have filed the instant motion to dismiss the petition for lack of exhaustion, arguing that only Petitioner's *ex post facto* claim was considered by the state courts. Conversely, Petitioner contends that she 'fairly presented' all of her claims to the state habeas corpus court which refused to consider the remaining three grounds. In the R & R, Magistrate Judge Hagy finds that Petitioner raised each of these claims in her state habeas corpus petition and brief in support of her petition.

■ As discussed in the R & R, federal courts should abstain from considering a habeas corpus petition if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the Petitioner. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Although this requirement has only been codified under 28 U.S.C. § 2254 for post-trial detentions, it applies to habeas corpus petitions under all sections. *Fain v. Duff*, 488 F.2d 218 (5th Cir.1973).[1]

■ Exhaustion of state remedies requires that state prisoners "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Respondents' motion to dismiss contends that three of Petitioner's claims "[h]ave not been presented to a state court [and] there have never been any factual findings or legal conclusions as to them." (Respondents' brief, p. 9). Now, Respondents specifically object to the Magistrate Judge's finding that Petitioner's ground three (equal protection) was properly presented to the state court. Instead, Respondents assert that, in accordance with *Johnson v. Griffin*, 271 Ga. 663, 522 S.E.2d 657 (Ga.1999), Petitioner should have filed an application for a writ of mandamus before the state court, rather than a habeas petition. Moreover, Respondents cite *Ex parte Royall*, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868 (1886), to point out that federal courts should not consider a claim in a federal petition until after the state courts have been given the opportunity to consider and correct alleged violations of a state prisoner's federal rights. In the instant case, however, the undersigned finds that the state courts were afforded the opportunity commanded by the Court in *Royall*. In fact, the record reflects that the state court specifically considered each of Petitioner's claims; contrary to Respondents' initial position that "Petitioner has raised unexhausted claims that have never been presented or decided by a state court."[2] (Respondent's brief, p. 5).

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2. In the objections, Respondents point out that the state court suggested that Petitioner's claims are not cognizable in accordance with O.C.G.A. § 9–14–42(a).

■ Although Respondents assert that Petitioner could have additionally applied for a writ of mandamus in state court, that suggestion imposes an undue, and in fact, unnecessary burden on this *pro se* litigant. In this case, it is clear that Petitioner "fairly presented [her] federal claims to the state courts." Rejection of these claims is not tantamount to a failure to exhaust state remedies. Instead, as pointed out by the Magistrate Judge, a petitioner is deemed to have exhausted state remedies, even if the state habeas corpus court did not actually consider or discuss the claims if it could have, but refused, to do so. *Smith v. Digmon*, 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978). In discussing this very subject, the United States Supreme Court stated that:

> It is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court, and, indeed, in this case, vigorously opposed in the State's brief. It is equally obvious that a district court commits plain error in assuming that a habeas petitioner must have failed to raise in the state courts a meritorious claim that [she] is incarcerated in violation of the Constitution if the state appellate court's opinion contains no reference to the claim.

*Id.* at 333, 98 S.Ct. 597. In his concurrence, Justice Rehnquist added that "the lower courts are better equipped and suited to resolve factual errors [concerning exhaustion of state remedies] and such errors should therefore be raised before them in the first instance." *Id.* at 334, 98 S.Ct. 597.

■ In this case, there is little question that Petitioner adequately raised all issues of her petition before the state courts. Although Respondents now attempt to argue the substantive merit of Petitioner's claims, that issue is not presently before the court. Instead, the court must decide whether Petitioner fairly presented each issue before the state court. As asserted by the Seventh Circuit in *Wallace v. Duckworth*, 778 F.2d 1215, 1224 (7th Cir.1985), "[w]hether a petitioner has failed to exhaust [her] remedies when [she] follows improper procedure must be decided on a case by case basis."

■ With respect to Respondents' objection regarding Petitioner's potential mandamus relief, the court finds this possibility insufficient to warrant a motion to dismiss. Indeed, if the state court found that Petitioner's primary remedy was through mandamus, such an option was readily available as evidenced by prior actions of the Georgia Supreme Court. In fact, in the case of *Justice v. State Board of Pardons and Paroles*, 234 Ga. 749, 750, 218 S.E.2d 45 (1975), the court recognized the power of a trial court "to deny relief sought by a Petitioner, [and instead] treat his petition first as seeking habeas corpus relief and second as seeking writ of mandamus."

■ Exhaustion of local remedies is not a jurisdictional bar; it is a procedural bar. This barrier shall not serve as an unmanageable force standing in the way of all federal habeas petitioners. Instead, as the Eleventh Circuit recently stated, "the policy of federal-state comity underlying the exhaustion doctrine does not compel the triumph of form over substance that the state's interpretation would entail." *Henry v. Department of Corrections*, 197 F.3d 1361 (11th Cir.1999). Similarly, in this case, the undersigned finds that the Respondents are seeking to impose an exceedingly constraining burden of exhaustion on the Petitioner. Despite the strict interpretation advanced by the Respondents in this case, the undersigned finds that Petitioner has met her burden of exhausting available state remedies.

Accordingly, the Report and Recommendation of Magistrate Judge Hagy is hereby ADOPTED. In accordance with the fore-

going, Respondents' motion to dismiss [# 5] is hereby DENIED.