### A01A2458. GREEN v. THE STATE.
(564 SE2d 731)

JOHNSON, Presiding Judge.

A Houston County jury found Irvin Green guilty of armed robbery. Following the denial of his motion for new trial, Green appeals from the judgment of conviction entered on the verdict. He claims that the trial court erred in refusing to allow him to question his two co-defendants about the maximum sentence they faced had they not agreed to testify against him. Green also challenges the admission of a prior consistent statement by one of the witnesses before the witness' veracity had been challenged, the introduction of his character into evidence, the denial of his motion for a new trial based on newly discovered evidence and the sufficiency of the evidence to support his conviction. In keeping with our recent decisions in *Hernandez v. State*[1] and *Vogleson v. State*[2] regarding the cross-examination of accomplices, we reverse Green's conviction.

---

[1] 244 Ga. App. 874, 877-878 (1) (c) (537 SE2d 149) (2000).
[2] 250 Ga. App. 555, 557-560 (1) (552 SE2d 513) (2001).

Viewed in a light most favorable to the verdict,[3] the evidence shows the following. At approximately 10:50 p.m. on January 9, 1998, the two co-defendants, Melvin James and Ricardo Allen, robbed at gunpoint the Little Caesar's Pizza store where Green was employed as a delivery driver. James and Allen both testified that Green masterminded the robbery. They testified that he provided them with the gun, drove them to the restaurant and then waited for them at a nearby building. They also testified that Green received approximately one-third of the robbery proceeds. Before trial, James and Allen pled guilty to armed robbery and received the minimum sentence for armed robbery of ten years.

1. Green claims that the trial court erred in denying him the right to question his co-defendants about the maximum sentence they could have received for armed robbery. He argues that by restricting this line of questioning, the trial court denied the jury the opportunity to hear essential evidence of his co-defendants' motive, bias and interest in cooperating with the state.

During the cross-examination of James, the trial court admonished Green's attorney when he questioned James about the maximum sentence James could have received had he not cooperated with the state. The following exchange took place:

[Green's Attorney]: You pled guilty to armed robbery; is that correct?
[James]: Yes.
[Green's Attorney]: And the State recommended that you got 10 years; is that correct?
[James]: Yes.
[Green's Attorney]: All right. Are you aware that that's the least amount of time that you can serve for armed robbery?
[James]: Yes.

At this point the trial court interrupted Green's attorney and asked that he approach the bench. During the subsequent bench conference Green's attorney was told that he could not ask James about the maximum sentence he could have received. The court instructed trial counsel that "[y]ou can ask him if he knows that's the minimum and leave it at that. Don't start talking about what the maximums are and all this, because that's what he got, and he knows that's the minimum, and then you leave it alone."

Later, during Allen's cross-examination, Green's attorney once again approached the bench and asked for permission to question

---

[3] See *Morton v. State*, 241 Ga. App. 330 (526 SE2d 862) (1999); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Allen about the maximum sentence he could have received had he not cooperated with the state. He was again instructed that while he could question Allen about the details and terms of the deal with the state, he could not question Allen about the maximum sentence.

Because we have found that it is "reversible error to preclude cross-examination of an accomplice regarding the deal he has reached with the State, including the disparity between the sentence the State will recommend in exchange for the accomplice's cooperation and the sentence he would have received without that cooperation,"[4] we reverse the conviction and remand the case for a new trial.

In *Vogleson* the co-defendant testified against the defendant in exchange for the state's agreement to reduce the charges against him and recommend a reduced sentence. The trial court did not allow defense counsel to cross-examine this witness about the fact that his deal with the state allowed him to avoid a mandatory minimum sentence for trafficking cocaine. We held that this ruling violated the defendant's rights under the Confrontation Clause and constituted reversible error.[5]

Although the state argues that the trial court's ruling was proper under *Whitlock v. State*[6] and *Shaw v. State*,[7] this Court must apply the law as it exists at the time of the appellate court's judgment, even though it may change the judgment of the trial court which was correct at the time it was rendered.[8] Further,

> [We] disapprove of *Whitlock* and *Ross* [*v. State*][9] only to the extent they suggest that it is not reversible error to preclude cross-examination of an accomplice regarding the deal he has reached with the State, including the disparity between the sentence the State will recommend in exchange for the accomplice's cooperation and the sentence he would have received without that cooperation.[10]

As Judge Ruffin concurring specially in *Vogleson* eloquently explains: "The importance of the Sixth Amendment right to confront witnesses cannot be overstated. The clarity and undeniability of that amendment are firm, and today we reaffirm our commitment to it. Embodied in this constitutional right is the ability to cross-examine

---

[4] *Vogleson,* supra at 560 (1); *Perez v. State*, 254 Ga. App. 872 (564 SE2d 208) (2002).
[5] *Vogleson,* supra at 558-559 (1).
[6] 239 Ga. App. 763 (521 SE2d 901) (1999).
[7] 201 Ga. App. 456 (411 SE2d 537) (1991).
[8] *Clary v. State*, 151 Ga. App. 301, 302 (2) (259 SE2d 697) (1979).
[9] 231 Ga. App. 506 (499 SE2d 351) (1998).
[10] *Vogleson,* supra at 559-560 (1).

one's accusers."[11] Accordingly, as the restriction of the cross-examination of Green's co-defendants was improper and violated his constitutional right of confrontation, we reverse the conviction and remand the case for a new trial.

2. Because of our holding in Division 1, we need not address Green's remaining enumerations.

*Judgment reversed and case remanded for a new trial. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 27, 2002.

*Rodney E. Davis*, for appellant.
*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellee.

---

[11] Id. at 561 (Ruffin, J., concurring and concurring specially).