S02A0712. JOHNSON v. THE STATE.
(570 SE2d 309)

SEARS, Presiding Justice.

Appellant David Michael Johnson appeals his convictions for malice murder, aggravated assault and illegal firearm possession,[1] claiming, among other things, that the trial court erred with regard to several jury charges. Finding no merit to any of appellant's claims, we affirm.

The evidence of record shows that in March 1998, a rented burgundy Mercury Sable stopped in front of a barber shop where a group of people had gathered for a birthday celebration. Four men exited the Sable — appellant, co-defendant Roberts, Walters, and an unidentified man. The four men entered the shop, demanded money, and started fighting with the party-goers. When one of the party-goers attempted to run away, co-defendant Roberts shot him in the back and killed him. Two party-goers, Spencer and his nephew, struggled with appellant. When Spencer saw appellant pull a gun, he threw a radio at appellant. Appellant then aimed his gun at Spencer and shot him several times, seriously injuring him. At trial, three eyewitnesses identified appellant as one of the assailants and the man who shot Spencer. Additionally, appellant was listed on the rental agreement as an alternate driver of the burgundy Mercury

---

[1] The crimes occurred on March 24, 1998. Appellant was indicted on July 16, 1999, for malice and felony murder, aggravated assault with a deadly weapon, burglary, and illegal firearm possession. Trial was held August 12-13, 2000, and appellant was found guilty on all counts. Appellant was sentenced to life imprisonment for malice murder (with the felony murder conviction being vacated by operation of law); concurrent fifteen year sentences for two aggravated assault convictions; and a consecutive five year sentence for illegal firearm possession. The trial transcript was certified on February 5, 2001. Appellant's new trial motion, filed on September 15, 2000, was denied on June 19, 2001. The notice of appeal was filed on July 2, 2001, the appeal was docketed on January 29, 2002, and submitted for decision without oral argument on March 25, 2002.

Sable, and appellant's cell phone was found in the Sable.

1. The evidence of record, construed most favorably to the verdicts, was sufficient to enable rational triers of fact to find appellant guilty of the crimes for which he was convicted.[2] Contrary to appellant's argument on appeal, his guilt was established by substantially more evidence than the mere testimony of Spencer.

2. The trial court did not err in sentencing appellant to life in prison, as that sentence is statutorily mandated for one convicted of malice murder.[3]

3. The trial court did not err by failing to charge the jury on mutual combat and self-defense. Appellant did not request those charges and, because neither mutual combat nor self-defense was appellant's sole defense, the trial court was not obligated to give the charges sua sponte.[4] Moreover, the evidence did not support the giving of the charges. Mutual combat involves the use of deadly weapons when both parties are at fault and are willing to fight because of a sudden quarrel,[5] which is not what occurred in this matter. As for self-defense, except for two limited exceptions that do not apply here, appellant was not justified in using force to defend himself while involved in the commission of a felony.[6]

4. The trial court did not err by failing to give a jury charge on voluntary manslaughter, as no evidence was submitted at trial to support such a charge. Voluntary manslaughter occurs when one kills "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person."[7] In this case, the evidence shows that appellant initiated the conflict by aggressively assaulting the victims with deadly force, and that Spencer only threw a radio at appellant in an effort to protect his nephew from threatened deadly harm. In no way does this evidence suggest that appellant acted out of a "sudden, violent, and irresistible passion," as a reasonable person would have done in similar circumstances.[8] Furthermore, appellant did not request a jury charge on voluntary manslaughter and, as this was not appellant's sole defense, the trial court did not err by failing to give the charge sua sponte.[9]

5. Appellant contends that the statute prohibiting being a party

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 16-5-1 (d).

[4] *Chapel v. State*, 270 Ga. 151, 156-157 (510 SE2d 802) (1998); *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).

[5] *Bangs v. State*, 198 Ga. App. 404, 405 (401 SE2d 599) (1991).

[6] OCGA § 16-3-21 (b) (2).

[7] OCGA § 16-5-2 (a).

[8] *Worthem v. State*, 270 Ga. 469, 470 (509 SE2d 922) (1999).

[9] Id.

to a crime, and the trial court's jury charge based upon that statute, are unconstitutionally overbroad and vague. However, as no constitutional challenge to the statute and the jury charge regarding parties to a crime was raised below, this enumeration is deemed waived on appeal.[10]

6. Contrary to appellant's contention, the trial court's jury charge on malice murder was not burden shifting. After charging the jury on express malice, the trial court charged that "malice may, but need not, be implied where no considerable provocation appears and all the circumstances of the killing show an abandoned and malignant heart. It is for the jury to decide whether or not the facts of this case show malice." This Court has long held that this charge does not improperly shift the burden on implied malice.[11] The burden of producing some evidence of provocation falls on the defendant only after the State shows circumstances from which malice may be implied, and the ultimate burden of proving malice beyond a reasonable doubt always remains on the State.[12]

7. Appellant takes issue with the trial court's jury charge on intent. However, appellant requested the exact charge given by the trial court, and he cannot now complain of that charge on appeal.[13]

8. Appellant alleges that the State struck an unconscionable deal to dead docket the murder charge against the co-defendant Walters in exchange for his agreement to testify against appellant, thereby denying appellant due process of law. However, this claim is not substantiated by the evidence of record. The record reveals that Walters did not testify at appellant's trial, and therefore the State had no obligation to disclose to appellant any deals it may or may not have made with Walters.[14]

9. Appellant claims his trial counsel was ineffective for not requesting jury charges on self-defense, mutual combat, and voluntary manslaughter. However, we have already held that no evidence warranted these three charges.[15] Hence, trial counsel's failure to request them does not demonstrate a deficient performance.

*Judgment affirmed. All the Justices concur.*

---

[10] *Kolokouris v. State*, 271 Ga. 597 (523 SE2d 311) (1999). See *Lacey v. State*, 270 Ga. 37 (507 SE2d 441) (1998) (challenges to the constitutionality of a statute " 'must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury.' ").

[11] *Barnes v. State*, 269 Ga. 345, 356 (496 SE2d 674) (1998); *Davis v. State*, 237 Ga. 279 (227 SE2d 249) (1976).

[12] *Davis*, supra.

[13] *Barnes*, 269 Ga. at 356. Furthermore, contrary to the claimed enumeration, the trial court properly answered the jury's question regarding intent and properly recharged the jury on intent.

[14] *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972).

[15] See Divisions 3 and 4, supra.

DECIDED SEPTEMBER 30, 2002 —
RECONSIDERATION DENIED OCTOBER 25, 2002.

*J. Michael Raffauf*, for appellant.

*Paul L. Howard, Jr., Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.