## A03A1624. CADE v. THE STATE.
(589 SE2d 870)

BARNES, Judge.

Robert Earl Cade was convicted of two counts of financial transaction card theft, possession of cocaine, possession of less than one ounce of marijuana, and driving with a suspended driver's license. Following his conviction on all counts, he filed a motion for new trial. In its order on the motion, the trial court set aside one of the two counts of financial transaction card theft, but denied Cade's motion for new trial on the remaining counts. He appeals, contending that the trial court's charge on the financial transaction card theft unconstitutionally shifted the burden of proof and constituted reversible error. Following review, we reverse his conviction for financial transaction card theft.

On October 15, 2001, Cade was stopped by a police officer during a routine roadblock. Cade told the officer that he did not have his identification with him, but that his name was Gregory Kade and his birth date was June 18, 1962. The officer told Cade that there was no record of that name on file, and Cade finally gave the officer his true name and birth date. The officer discovered that Cade's license was suspended and arrested him. Cade had an open container of beer in his car and the following items on his person: an American Express

card belonging to Destrey Roberson, an AT&T MasterCard and driver's license belonging to Charles Bradshaw, an Indiana identification card in the name of Richard Bline, an identification card in the name of Peter Gilbert, a Social Security card in the name of Emmit Zelliner Morris, a Wachovia Bank checkbook belonging to Eurania Norton, and a checkbook and two checks made out to Robert Goins, Sr. The officer also found marijuana and cocaine in Cade's pockets. Cade told the officer that he found the credit cards and checks at the car wash where he worked and he intended to return them to the owners. Bradshaw and Roberson both testified that they did not know Cade and had not given him permission to have their credit cards.

1. As Cade did not challenge his convictions for possession of cocaine, possession of less than one ounce of marijuana, and driving with a suspended driver's license, those convictions are affirmed.

2. In his sole enumeration of error, Cade argues that the trial court's charge on financial transaction card theft, which included the language of OCGA § 16-9-31 (d), unconstitutionally shifted the burden of proof from the State to the defendant. The trial court issued the following charge to the jury:

> A person commits the offense of financial transaction card theft when he obtains or withholds a financial transaction card from the person, possession, custody or control of another, without the cardholder's consent. When a person has in his possession or under his control two or more financial transaction cards issued in the names of persons other than members of his immediate family or without the consent of the cardholder, such possession shall be prima-facie evidence that the financial transaction cards have been obtained in violation of this Code section.

This legal presumption of guilt codified in OCGA § 16-9-31 (d), however, was recently ruled unconstitutional by our Supreme Court. See *Mohamed v. State*, 276 Ga. 706 (583 SE2d 9) (2003). In *Mohamed*, the Court observed that,

> under OCGA § 16-9-31 (d), the State need prove nothing more than the defendant's possession of two financial transaction cards as described therein to procure a conviction under OCGA § 16-9-31 (a). OCGA § 16-9-31 (d) thus is a mandatory presumption of guilt based upon certain facts. But the crime of financial transaction card theft set forth in OCGA § 16-9-31 (a) contains elements other than the mere possession of two such financial transaction cards.

Mandatory presumptions that shift the burden of proof to the defendant are impermissible in criminal cases. *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979); *Isaacs v. State*, 259 Ga. 717, 734-735 (35) (b) (386 SE2d 316) (1989). . . . "(A)n impermissible *Sandstrom* instruction is harmless so long as the instruction was applied to an element of the crime that was not at issue in the trial, and if the evidence of guilt is overwhelming." *Bridges v. State*, 268 Ga. 700, 706 (2) (f) (492 SE2d 877) (1997).

(Footnote omitted.) Id. at 708-709 (1).

The accusation charged that Cade "did knowingly withhold from the person, possession, custody, and control of Destrey Roberson, an American Express Corporate financial transaction card, without the consent of Destrey Roberson, the cardholder." As noted above, Cade testified that he was given the items at work and intended to return them, and "[a]lthough the evidence authorized the jury to reject this defense, it cannot be said that the evidence of [Cade's] guilt was overwhelming." *Mohamed v. State*, supra, 276 Ga. at 709.

The State relies on *Wilson v. State*, 212 Ga. App. 325 (441 SE2d 808) (1994), and argues that because the charge as a whole thoroughly instructed the jury on the burden of proof, any error was harmless. In *Mohamed*, however, the Supreme Court found the "holding [in *Wilson*] that giving the jury an unconstitutional, burden-shifting instruction can be harmless when other instructions properly identify the State's burden of proof, is hereby overruled." *Mohamed v. State*, supra, 276 Ga. at 709.

Relying on *Johnson v. State*, 275 Ga. 630, 631-632 (570 SE2d 309) (2002), the State also argues that Cade cannot raise this issue on appeal because he did not raise the issue in the trial court. This argument is without merit. The record shows that Cade raised the issue in his amended motion for new trial, the State addressed the issue in its response, and the trial court, citing *Wilson v. State*, supra, 212 Ga. App. 325, ruled that, even if it was error to give the charge, any error was harmless. Also this case differs from *Johnson* in that *Johnson* was a direct constitutional attack on the statute.

Here, Cade's enumeration of error is that it was error to give the charge, and he preserved his right to challenge the charge given by reserving his objections. Therefore, this issue is properly before us, and we must apply the law as it exists at the time of our judgment, even though this may change the judgment of the trial court which was correct at the time it was rendered. *Green v. State*, 254 Ga. App. 881, 883 (1) (564 SE2d 731) (2002); *Clary v. State*, 151 Ga. App. 301, 302 (2) (259 SE2d 697) (1979).

Accordingly, the trial court erred by giving the charge in OCGA § 16-9-31 (d) and Cade's conviction for financial transaction card theft must be reversed.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 10, 2003.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

