## ROBERTS *v.* DUNAWAY, warden.

Under the evidence in this case the court did not err in remanding the applicant for the writ of habeas corpus to the custody of the proper State authorities.

No. 4225. DECEMBER 19, 1924.

Habeas corpus. Before Judge Park. Baldwin superior court. January 21, 1924.

*Harris & Harris,* for plaintiff.

*Thomas E. Patterson, T. R. Gress, assistant attorney-general,* and *Doyle Campbell, solicitor-general,* for defendant.

BECK, P. J. L. M. Roberts brought habeas-corpus proceedings before the ordinary of Baldwin County, alleging that he was being illegally detained by B. H. Dunaway, warden of the Georgia State prison farm; that he was being so held under the pretense that the warden had been informed that Roberts was convicted of the offense of highway robbery on August 27, 1917, and had been sentenced on that day by the presiding judge to a term of fifteen years in the Georgia Penitentiary. Petitioner alleges that he filed his application with the Prison Commission of Georgia and the Governor of the State, petitioning them to grant him a full and complete pardon for the offense of which it was charged he has been convicted and under which Dunaway, the respondent, was restraining him, but had been unable to secure "the processes of his conviction and sentence," to wit, a copy of the evidence at the trial, the verdict of the jury that passed on the case, and the sentence of the court; that the clerk of the superior court of Walker County informed Roberts in certain letters that there was no record in his office showing that Roberts had been convicted of any offense; that there was no copy of any evidence against Roberts, no indictment by a grand jury, no record of a verdict of a trial jury, no record of any sentence by the court, and the dockets of the superior court of that county do not contain any record of the case against him or any evidence that he has ever been tried in that county for any offense; that if there has ever been any record of the trial of any case against the applicant in Walker County for any offense, the said Roberts has in no way been responsible for its loss or destruction; that demand has been made upon Dunaway for the release of applicant, but Dunaway fails and refuses to release him; that the restraint of applicant is illegal, because there is no record of evi-

dence showing that he has ever been convicted of any offense under the laws of the State of Georgia; that the restraint of applicant is illegal, because Dunaway has no written authority from any court of competent jurisdiction to try applicant for any violation of the penal laws of the State, for which to hold him a prisoner and to restrain him of his liberty.

At the hearing the court rendered a judgment ordering the prisoner discharged. The respondent filed his petition for certiorari, which was sanctioned by the judge of the superior court. The answer of the ordinary to the writ of certiorari was in substance as follows. The allegations contained in the petition to the effect that the case referred to was tried before him, the same being a petition for writ of habeas corpus, and answer thereto filed by B. H. Dunaway, are true, and it is also true that on the date of said hearing, November 6, 1923, respondent passed an order discharging Roberts from the custody of the said Dunaway. Upon said trial Roberts testified, that he had been unable to procure from the clerk of the superior court of Walker County any copy or transcript of the record in the case in which it was alleged that Roberts was convicted of the offense of robbery and sentenced to a term in the State Penitentiary; that he had filed his application to the Prison Commission of Georgia for a parole under the provisions of the constitution and statutes of this State, and the Prison Commission had declined and refused to pass upon his application, on the ground that there was not attached thereto a copy or transcript of the record in the case; that in view of the impossibility of procuring said record, he was deprived of his right under the constitution of presenting his petition and having same passed on for parole by the Prison Commission or the Governor of the State. It is not true that there was introduced in evidence by the petitioner a certified copy of the sentence of the said Roberts from Walker superior court. At the time of the trial the ordinary had in his possession a certified copy of said sentence, the same having been transmitted to him through the mail by R. E. Davison, chairman of the Prison Commission; but this certified copy was not introduced in evidence upon the trial of the case, and the only evidence introduced of any character was that which has hereinbefore been set out. It is true that no formal writ of habeas corpus was issued by him in the case; this was for the reason that B. H.

Dunaway formally waived the same in writing on October 27, 1923. Upon all the evidence before him the ordinary, actuated solely by a desire to do exact justice, was compelled to conclude that there was no legal evidence before him authorizing him to find that Roberts was legally convicted and sentenced, and that the evidence demanded the finding on his part that Roberts was deprived of his right given him under the constitution and laws of this State, to wit, the right to apply for a parole to the Prison Commission and the Governor of Georgia, and have his application passed upon, and that the refusal of the commission to consider said parole for the reason that a transcript of the evidence could not be furnished was at least unjustifiable, if not arbitrary.

At the hearing of the petition and answer, the judge of the superior court sustained the certiorari and ordered Roberts remanded to the custody of the respondent. This judgment was excepted to.

The court below did not err in remanding the applicant for the writ of habeas corpus to the custody of the State authorities. The sworn answer of the warden shows that the applicant is being detained at the Prison Farm under a sentence of a superior court. The evidence fails to show affirmatively that there was no trial and conviction; and where a prisoner is held in the penitentiary under a regular sentence of court, and that sentence is set up in the answer of the warden in response to the allegation in the petition for habeas corpus that the applicant is being detained illegally, the burden is upon the applicant to show positively that there has been no trial, no conviction, and no sentence regularly passed. If the indictment, verdict, and the sentence were all lost and no record of them was to be found in the county in which the applicant had been convicted of a felony, he should have proceeded to have these papers established. The allegations in his petition are evasive as to whether or not he was ever tried for a felony, and his evidence does not establish the fact claimed by him. The Prison Commission has a right to establish reasonable rules as to the records and documents that must be submitted upon application for parole or pardon; and if, upon reasonable compliance with that rule, or a satisfactory showing that the applicant for parole or pardon complies with the rules, the Prison Commission still refuses to hear him or to act upon his application, the applicant should take proper

steps to compel a hearing.  He can not be discharged from the penitentiary before the expiration of his sentence merely because the Prison Commission refuses to hear his application for parole or pardon.          *Judgment affirmed.  All the Justices concur.*