27426. DAVIS v. CALDWELL.

UNDERCOFLER, Justice. Leon Davis filed an application for the writ of habeas corpus against E. B. Caldwell, Warden of the Georgia State Prison. The applicant alleges that he was arrested on November 15, 1959, in Mitchell County for the offense of murder; that he was convicted of that offense on January 13, 1960, and received a death sentence; that he was granted a new trial and again received a death sentence; that he was granted another new trial; that in October 1969 the trial court allowed the applicant to plead guilty to the offense of murder and sentenced him to life imprisonment.

The applicant contends that all of the time he has served in prison since his arrest in 1959 should be counted in determining his eligibility for parole and to deny him this credit for time served violates the equal protection and due process clause of the United States Constitution.

The respondent warden admitted that the applicant was serving a life sentence for murder but denied the other allegations of the application and moved that it be dismissed for failure to state a claim.

At the hearing of the application and after argument of the parties, the trial court found that the application failed to state a claim because the applicant did not challenge the validity of his detention but challenged the alleged failure of the State Board of Corrections to include time spent in jail prior to the imposition of the sentence for the purposes of his parole eligibility. The trial court found that the only relief which the applicant sought was the discretionary relief which could be afforded by

the State Board of Pardons and Paroles. The applicant was remanded to the custody of the respondent. The appeal is from this judgment. *Held:*

Section 2 of Ga. L. 1967, p. 835 provides: "(c) Any person restrained of his liberty as a result of a sentence imposed by any state court of record may sue out a writ of habeas corpus to inquire into the legality of such restraint." *Code Ann.* § 50-101.

The applicant in this case does not contend that he is being illegally detained under the life sentence for murder. His sole contention is that the Pardon and Parole Board will not consider the period of time he has served in the penitentiary since 1959 in determining his eligibility for parole.

A prisoner cannot be discharged from the penitentiary before the expiration of his sentence merely because the Pardon and Parole Board refuses to hear his application for parole or refuses to grant him a parole. *Roberts v. Dunaway,* 159 Ga. 397, 399 (126 SE 18).

A court on habeas corpus has no authority to control or in any manner interfere with the functions of the executive department in issuing pardons or paroles. These are discretionary matters and habeas corpus does not lie to control the exercise of that discretion. *Roberts v. Dunaway,* 159 Ga. 397, 399, supra; 39 AmJur2d 232, § 74; 39 CJS 477, 496, § 26. Compare *Cook v. Jenkins,* 146 Ga. 704 (1b) (92 SE 212). The applicant has not been denied equal protection or due process of law under the Fourteenth Amendment of the United States Constitution.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 12, 1972—DECIDED OCTOBER 6, 1972.

Leon Davis, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.