## 28120. WHIPPLER v. CALDWELL.

JORDAN, Justice. Ernest Whippler appeals an order of Tattnall Superior Court dated April 15, 1973, denying his application for a writ of habeas corpus and remanding him to the custody of the respondent. *Held:*

1. We affirm. The appellant was convicted of murder by a jury in Bibb Superior Court on December 7, 1960. This sentence was later vacated by the United States Court of Appeals for the Fifth Circuit in 1968 because of improper method for selection of jurors. Whippler v. Dutton, 391 F2d 425 (5th Cir. 1968). On November 8, 1968, appellant plead guilty to a new indictment for the same murder for which he had previously been convicted and was sentenced to life imprisonment. Appellant's only contention in his petition for habeas corpus was that he should be given "credit" for the time he was incarcerated because of his 1960 murder conviction. At no place in the record does it appear that the appellant contested the legality or validity of the life sentence he is presently serving. The Georgia Habeas Corpus Act provides in part that: "Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Georgia may institute a proceeding under this section." Ga. L. 1967, pp. 835, 836 (Code Ann. § 50-127 (1)). It appears that the only reason for appellant's

petition is to have the time he served under his 1960 conviction credited to him for consideration by the Pardons and Paroles Board. We decided in *Davis v. Caldwell,* 229 Ga. 605 (193 SE2d 617) that: "A court on habeas corpus has no authority to control or in any manner interfere with the functions of the executive department in issuing pardons or paroles. These are discretionary matters and habeas corpus does not lie to control the exercise of that discretion."

2. We have carefully reviewed the record in this case and hold that appellant's claim was not a proper one for habeas corpus relief, that his rights under the Fifth Amendment (double jeopardy) were not violated and therefore the trial court did not err in remanding the appellant to the custody of the warden.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur specially.*

SUBMITTED JULY 27, 1973 — DECIDED SEPTEMBER 6, 1973.

Ernest Whippler, *pro se.*

Arthur K. Bolton, *Attorney General, Courtney Wilder Stanton, Daniel I. MacIntrye, Assistant Attorneys General,* for appellee.

INGRAM, Justice, concurring specially. I concur in the judgment of the court because I believe the sentence on its face is proper under Georgia law and because, upon the facts presented on this habeas corpus appeal, the petitioner was not entitled to relief under the Habeas Corpus Act, Code Ann. § 50-127 (1). The recent case of Davis v. Caldwell, Civil Action No. 1219 (D. C. M. D. Ga. 1973) is distinguishable in that the sentence in the present case contained no proscription against credit for time served for the same offense and was not void therefore as a matter of law.

I would presume that the Board of Pardons and Paroles will treat this prisoner's eligibility for parole consideration as it would any other person with a life sentence. By statute, Georgia law now provides that a criminal defendant convicted of a crime shall be given credit toward his sentence and toward his parole eligibility for each day spent in confinement awaiting trial. Code Ann. § 27-2530. A prisoner is afforded credit as well, and the sentence should so reflect, for time spent in confinement awaiting appellate review, the term to run from the date of imposition of sentence. Code Ann. § 27-2505. With regard to parole eligibility prisoners serving sentences of 21 years or more, which include life sentences, become eligible for parole consideration upon completion of the service of seven years. Code Ann. § 77-525. See Rules of the State

Board of Pardons and Paroles, Par. 475-3-.06 (3). The board, of course, has broad and ample authority under our Constitution to adopt what regulations it chooses with respect to the number of years a prisoner must serve before he is eligible for parole consideration. Georgia Constitution, Art. V, Sec. I, Par. XI (Code Ann. § 2-3011). However, this is not to say that once these regulations have been promulgated it may pick and choose to which life-termers it will apply the regulations and which it will not. This would create, in my opinion, very grave questions with regard to due process and equal protection of law. Therefore, if all are to be considered after the expiration of seven years service on the life sentence, the petitioner here is entitled to be considered after seven years confinement, and, as I view the law, it would mean he is entitled to immediate consideration in that he has served eight years under sentence for the same offense.

I need make additional note that the United States Supreme Court has held in North Carolina v. Pearce, 395 U. S. 711, 718 (89 SC 2072, 23 LE2d 656) (1969) "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted be fully 'credited' in imposing sentence upon a new conviction for the same offense." This is mandated by the double jeopardy provision of the Fifth Amendment of the U. S. Constitution as applied to the States through the Fourteenth. Benton v. Maryland, 395 U. S. 784 (89 SC 2056, 23 LE2d 707) (1969). In Pearce the court noted with regard to the nullification of a prior conviction "so far as the conviction itself goes, and that part of the sentence that has not yet been served, it is no more than a simple statement of fact to say that the slate *has* been wiped clean." North Carolina v. Pearce, 395 U. S. 711, 721 (1969), supra. Consequently, if the Board of Pardons and Paroles requires this appellant to serve another seven years before he is eligible for parole consideration, there would result a forfeit of the jail time service and present at least the *potentiality* of harsher punishment than is otherwise presently required of prisoners under life sentence by board regulation. Although the factual situation presented in Pearce is not analogous to one, as here, where the prisoner has had his sentence reduced from death to life imprisonment upon reconviction, the forfeiture of such rights and privileges, I believe, would, in addition to the reasons given above, result in a denial of equal protection of law.