## 29817. JUSTICE v. STATE BOARD OF PARDONS & PAROLES.

HILL, Justice.

This suit filed in Fulton Superior Court was labeled as a petition for writ of habeas corpus and named R. C. Wright, Warden, Fulton County Correctional Institution,

as respondent. The petition alleged that petitioner is being held by respondent under a 1964 life sentence for murder, that he was granted parole in 1971 but that it was revoked after nine months, that he was denied parole in 1973 and 1974 due to his alcohol problem and his alleged lack of participation in institutional self-improvement programs among other reasons, that he is thereby being denied due process of law and subjected to cruel and unusual punishment, and that his prior criminal record cannot be considered as grounds for denial of parole due to the existence of such record when he was formerly granted parole.

The State Board of Pardons & Paroles was ordered to answer the complaint.

When petitioner noticed the deposition of the Chairman of the Board of Pardons & Paroles, a motion for protective order was filed on his behalf by the Attorney General's office, along with motions to dismiss the petition for failure to state a claim for relief and to dismiss the parole board as an improper party.

In a well reasoned opinion and order, the court below denied the relief sought by petitioner, treating his petition first as seeking habeas corpus relief and second as seeking a writ of mandamus. Petitioner enumerates as error the trial court's ruling that habeas corpus would not lie, the trial court's treating the petition as seeking mandamus and dismissing it without hearing while petitioner was seeking to support his allegations by evidence through discovery, and the trial court's finding that petitioner's constitutional rights have not been violated by the parole board. In substance, petitioner complains that the trial court erred in granting the motion to dismiss.

1. The writ of habeas corpus is available to a person (i) whose liberty is being restrained by virtue of a sentence imposed upon him by a court of record and (ii) who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his constitutional or legal rights. See Code Ann. § 50-127 (1), Ga. L. 1967, pp. 835, 836, as now amended by Ga. L. 1975, pp. —— (SB 205).

Petitioner does not assert that in the proceedings

which resulted in his conviction for murder and sentence to life imprisonment there was any denial of his constitutional or legal rights. Neither does he assert that his rights were violated when his 1971 parole was revoked. As a petition for habeas corpus, the complaint failed to state a claim for habeas corpus relief. *Davis v. Caldwell,* 229 Ga. 605 (193 SE2d 617); *Whippler v. Caldwell,* 231 Ga. 41 (200 SE2d 144).

The case of *Duncan v. Ricketts,* 232 Ga. 89 (205 SE2d 274), relied on by petitioner, involved revocation of a parole as opposed to the denial of a parole. Duncan was being restrained by the warden by virtue of a sentence of a court of record and revocation of his parole. He sought to challenge the proceeding (revocation of parole) which resulted in his being restrained, on the ground that he had been denied his constitutional rights in that proceeding. *Duncan v. Ricketts* does not hold that a prisoner can use habeas corpus to complain of denial of the grant of parole.

The court below did not err in denying habeas corpus relief to petitioner.

However, the court below did not cease its inquiry into this matter upon its determination that habeas corpus was not available to petitioner. The court below also considered the petition as if it sought mandamus.

2. The writ of mandamus may issue to compel performance by a public officer of his official duties. Code § 64-101. However, mandamus will not lie as a remedy against a public officer who has an absolute discretion to act or not, unless there is a gross abuse of discretion. Code § 64-102.

The State Board of Pardons & Paroles generally has the power to grant reprieves, pardons and paroles, to commute penalties, to remove disabilities imposed by law and to remit parts of sentences for offenses against the state. See Code Ann. § 2-3011. The exercise of those powers is discretionary. *Davis v. Caldwell,* 229 Ga. 605, supra.

Impliedly acknowledging the foregoing, petitioner contends that the parole board abused its discretion in denying him parole based upon his alcohol problem and alleged lack of participation in institutional self-improvement programs. He contends that his

continued confinement for these reasons violates due process and constitutes cruel and unusual punishment.

It should be noted that petitioner is not in prison because of his drinking problem or his alleged failure to participate in self-help programs. He is in prison for murder. He has been considered for and denied parole because the parole board has not found him to be a proper parole candidate, in that he has failed to demonstrate ability to live in accord with the rules of society, has failed to demonstrate concern for self improvement, and has failed to demonstrate ability to live a responsible, productive life.

In pointing to petitioner's alcohol problem and alleged lack of participation in self-improvement programs, the board was merely seeking to assist petitioner in improving himself so as to be eligible for parole.

Even assuming that petitioner had proved every allegation of fact in his petition, as amended, to the complete satisfaction of the trial court, it would have been error for the trial court to require the parole board, by mandamus or otherwise, to grant petitioner a parole. Hence the trial court did not err in denying the writ of mandamus prior to proof of the facts alleged.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

SUBMITTED APRIL 8, 1975 — DECIDED JUNE 24, 1975 — REHEARING DENIED JULY 10, 1975.

*Thomas M. West,* for appellant.
*Arthur K. Bolton,* Attorney General, *G. Stephen Parker,* Assistant Attorney General, for appellee.