## S99A1358. JOHNSON v. GRIFFIN.
(522 SE2d 657)

HUNSTEIN, Justice.

In April 1989 Allen M. Griffin entered guilty pleas to two counts of robbery by intimidation, two counts of criminal attempt (robbery), and voluntary manslaughter.[1] In approximately January 1998, Griffin received notification from the State Board of Pardons and Paroles that he was no longer eligible for parole and would be required to serve his entire sentence. Acting pro se, Griffin filed a petition for habeas corpus in the Baldwin County Superior Court seeking to set aside his guilty pleas based on the alleged ineffective assistance of counsel, involuntariness of his guilty pleas, and unconstitutionality of OCGA §§ 42-9-40 and 42-9-45 in that the statutes grant the Parole Board unfettered discretion to grant or deny parole. The habeas court granted Griffin's petition only as to his claim that he was improperly denied eligibility for parole and directed the Parole Board to consider Griffin for parole within a reasonable time and at such intervals in the future as required by statute. The State appeals from the habeas court's order granting the petition for writ of habeas corpus and we reverse.

OCGA § 9-14-42 (a) limits the scope of habeas proceedings to claims by a state prisoner that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this State. We agree with the State's argument that Griffin's claim is not cognizable in habeas corpus proceedings. Griffin's claim arises not from his sentence or incarceration pursuant to that sentence but from the Parole Board's subsequent determination that he is no longer eligible for parole. Without deciding the propriety of the Board's determination, we find the proper remedy lies in a mandamus action against the Board. See Lewis v. Griffin, 258 Ga. 887 (1) (376 SE2d 364) (1989).

*Judgment reversed. All the Justices concur except Benham, C. J., and Sears, J., who concur in the judgment only.*

---

[1] Griffin was sentenced to two concurrent ten-year sentences for the criminal attempt (robbery) counts, two concurrent twenty-year sentences for the robbery by intimidation counts, and a sentence of twenty years to be served concurrent for the voluntary manslaughter count.

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 15, 1999.

Habeas corpus. Baldwin Superior Court. Before Judge Cline.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellant.

Allen M. Griffin, *pro se.*