## S00A1860. JOHNSON v. GRIFFIN.
### (540 SE2d 189)

BENHAM, Chief Justice.

Respondent Allen Mathis Griffin is incarcerated in the state prison system, having pled guilty to voluntary manslaughter, robbery, and attempted robbery. We granted the Warden's application for interlocutory review of the habeas court's denial of the Warden's motion to dismiss Griffin's habeas petition as successive. In light of our holding in Griffin's first habeas action (*Johnson v. Griffin*, 271 Ga. 663 (522 SE2d 657) (1999) ("*Griffin I*")), we reverse the habeas court's ruling.

Griffin filed his first state habeas petition in 1998, after the State Board of Pardons and Paroles notified him he was no longer eligible for parole and would be required to serve his entire sentence. In that petition, Griffin asserted that OCGA §§ 42-9-40 and 42-9-45 were "unconstitutional statutes that induce guilty pleas by statutory promises of leniency [parole and parole eligibility] but the statutes are not binding on the Parole Board. . . ." The habeas court granted relief on Griffin's claim he was improperly denied eligibility for parole and ordered the Parole Board to consider Griffin for parole. This Court reversed that ruling in *Griffin I*. Griffin then filed another habeas petition in the Superior Court of Baldwin County in which he asserted that his guilty plea was based upon "unfulfillable and unenforceable promises of OCGA §§ 42-9-40 and 42-9-45 and those statutes are unconstitutional under the Georgia Constitution. . . ." Citing OCGA § 9-14-51,[1] the habeas court denied the Warden's motion to dismiss the second petition as successive because the first habeas court had never ruled on petitioner's claim that the statutes were unconstitutional. The habeas court certified its order for immediate review, and this Court granted the Warden's application for interlocutory review, asking the parties to address "[w]hether the holding in *Johnson v. Griffin*, [supra], is res judicata as to all Griffin's subsequent claims for habeas corpus relief based upon the alleged unconstitutionality of OCGA §§ 42-9-40 and 42-9-45."

1. Griffin filed a motion to dismiss the Warden's appeal, asserting the Warden did not timely file his brief or, if the brief was timely filed, the Warden did not serve Griffin timely with that brief. See

---

[1] OCGA § 9-14-51 states that

All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

Supreme Court Rule 12.[2] The Warden's brief was timely filed with this Court and was accompanied by the certification of the Warden's attorney that a copy had been mailed to Griffin on the day the brief was filed. Inasmuch as Griffin received a copy of the Warden's brief, had adequate time to file and did file a responding brief, and there was no order issued by this Court directing the filing of a brief, this is not a situation in which the appeal might be dismissed. See Rule 12. Accordingly, Griffin's motion to dismiss is denied, as is his request for sanctions.

2. In *Griffin I*, this Court held that Griffin's claim arose "not from his sentence or incarceration pursuant to that sentence but from the Parole Board's subsequent determination that he is no longer eligible for parole." The Court concluded that the claim was "not cognizable in habeas corpus proceedings" since it was not a claim that "there was a substantial denial" of his constitutional rights "in the proceedings which resulted in his conviction . . .[,]" and stated that "the proper remedy lies in a mandamus action against the Board."

The same holding governs the appeal before us. The claim set forth in Griffin's second habeas petition does not arise from Griffin's sentence or incarceration pursuant to that sentence, but from the Parole Board's subsequent determination that he is no longer eligible for parole. As such, it is not a claim cognizable in habeas corpus proceedings, and Griffin's remedy lies in a mandamus action. *Johnson v. Griffin*, supra, 271 Ga. 663. Accordingly, the habeas court erred when it denied the Warden's motion to dismiss the second habeas petition.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

Allen M. Griffin, *pro se.*

---

[2] Rule 12 states that an appellant's brief shall be filed within 20 days after the case is docketed and that "[f]ailure to comply with an order of the Court directing the filing of a brief may cause the appeal to be dismissed and subjects the offender to sanctions."