[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2008
THOMAS K. KAHN
CLERK

No. 06-11004

_____

D. C. Docket No. 05-00257-CV-CAR-5

THURSTON EUGENE BROWN,

                                        Petitioner-Appellant,

versus

DONALD BARROW,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 11, 2008)**

Before ANDERSON and BLACK, Circuit Judges, and HODGES,* District Judge.

PER CURIAM:

_____
* Honorable W. Terrell Hodges, United States District Judge for the Middle District of Florida,
sitting by designation.

On July 28, 2005, Thurston Brown, a Georgia prisoner proceeding pro se, filed the instant federal habeas petition pursuant to 28 U.S.C. § 2254, challenging the October 15, 1997, denial of parole for Brown by the Georgia Board of Pardons and Paroles ("Board"). The state filed a motion to dismiss for untimeliness, arguing that Brown's petition was filed almost seven years after the expiration of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). The magistrate judge recommended that the petition be dismissed as untimely. The district court adopted the magistrate judge's Report and Recommendation. Brown timely appealed. This Court granted a COA on the following issue: "Whether the district court improperly dismissed Brown's 28 U.S.C. § 2254 petition, in which he challenged the decision by the Georgia Department of Pardons and Paroles denying him parole, as time barred." This Court also appointed counsel for Brown, and heard oral argument.

The instant habeas petition is the culmination of several attempts by Brown to challenge the October 15, 1997, denial of parole. He wrote several letters to the Board seeking reconsideration. On January 7, 1999, he filed a pro se federal habeas petition pursuant to 28 U.S.C. § 2254, which the district court dismissed without prejudice for failure to exhaust. Although the state had argued that the

case should be dismissed as untimely, the state did respond to the magistrate judge's query that the proper means of exhausting a parole denial was to file a writ of mandamus in state court. Brown proceeded to file a writ of mandamus on August 4, 2000. The state court granted summary judgment for the State five years later.

Following the state court's rejection of his writ of mandamus, Brown filed the instant federal habeas petition. The magistrate judge recommended that Brown's petition be dismissed for untimeliness. He found that the Board denied parole for Brown on October 15, 1997, and that Brown filed his state mandamus petition on August 4, 2000. The magistrate judge noted that the one-year statute of limitations had already expired when the state mandamus petition was filed. The district court adopted the magistrate judge's Report and Recommendation, dismissing the instant habeas petition as untimely.

The AEDPA imposes a one-year statute of limitations on the federal habeas corpus petitions of prisoners who are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitations period begins to run on the latest of, inter alia,"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28

3

U.S.C. § 2244(d)(1)(D).[1]

Once the AEDPA's statute of limitations is triggered, the limitations period can be tolled in two ways: through statutory tolling or equitable tolling. The statutory tolling provision of the AEDPA is codified at 28 U.S.C. § 2244(d)(2), which provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The doctrine of equitable tolling applies "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (quotation omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). This Court has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence. Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

---

[1] We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance. See Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003); Wade v. Robinson, 327 F.3d 328, 332-33 (4th Cir. 2003); Cook v. N.Y. State Division of Parole, 321 F.3d 274, 280 (2d Cir. 2003) Kimbrell v. Cockrell, 311 F.3d 361, 362-64 (5th Cir. 2002).

Under Georgia law, there is no procedure by which a prisoner serving a life sentence can administratively appeal the Board's decision denying parole. See Ga. Comp. R. & Regs. § 475-3-.05(5) (describing the appeals process for prisoners not serving a life sentence). The Board is explicitly exempted from the Georgia Administrative Procedures Act, O.C.G.A. § 50-13-2(1), which sets a procedure for administrative determinations and processes, O.C.G.A. § 50-13-1. Without an administrative appellate procedure for Board decisions, the appropriate method by which a prisoner can attack a Board decision is to file a petition for a writ of mandamus against the Board. Johnson v. Griffin, 271 Ga. 663, 522 S.E.2d 657, 658 (1999) (specifying that mandamus is the proper means for challenging adverse parole decision); Justice v. State Bd. of Pardons and Paroles, 234 Ga. 749, 218 S.E.2d 45 (1975) (approving the trial court's construing of a habeas petition as a writ of mandamus in a factually similar case).

Here, the Board issued its decision on October 15, 1997. Under Georgia law, the appropriate remedy for Brown to challenge this decision was to file a writ of mandamus against the Board. See Johnson, 522 S.E.2d at 658. However, Brown failed to file such a mandamus petition within AEDPA's one-year statute of limitations. His state mandamus petition, filed on August 4, 2000, came almost

two years after the limitations period had expired.[2]

We find no merit in Brown's suggestion that his letters to the Board subsequent to the Board's October 15, 1997, denial somehow tolled the running of the statute. It is clear from the October 15, 1997, letter from the Board that Brown was advised therein of a definitive decision denying parole because of the circumstances and nature of his offense, and that the Board would consider him again for parole during January 2003.[3] Thus, at that time, Brown had the factual predicate for his claim, and the running of the statute of limitations was triggered. See Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003). The October 15, 1997, denial was the final Board action; as noted above, under Georgia law, there is no

---

[2] Although a properly filed state mandamus petition would probably toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), Brown's mandamus was filed after the limitations period had already expired. Similarly, Brown's January 7, 1999, federal habeas petition cannot help Brown, because it too was filed after the limitations period had already expired; thus, we need not, and expressly do not, address Brown's argument that the federal court's action in dismissing that petition without prejudice for lack of exhaustion might have misled Brown and might have risen to the level of equitable tolling.

[3] The text of the October 15, 1997, letter reads in full:

> You have been thoroughly and carefully considered for parole. The Board's decision is to deny parole at this time. The main reasons for the decision cited by the Board members during their individual study of your case are circumstances and nature of the offense.
>
> The Board has decided to consider you again for parole during January, 2003.

procedure by which a Georgia prisoner serving a life sentence can administratively appeal the Board's decision denying parole. Thus, Brown's several letters seeking reconsideration subsequent to the October 15, 1997, denial did not affect the finality of the October 15, 1997, denial, or otherwise toll the limitations period.

We also reject Brown's argument that the Georgia law was so unclear (i.e., the Georgia procedures for challenging a parole decision were so unclear) that the running of the statute of limitations should be equitably tolled. Long before the relevant conduct in the instant case, it was firmly established under Georgia law that a parole decision could be challenged by filing a petition for writ of mandamus. See Lewis v. Griffin, 258 Ga. 887, 376 S.E.2d 364 (1989); Justice v. State Board of Pardons and Paroles, 234 Ga. 749, 218 S.E.2d 45 (1975).

For the foregoing reasons, the judgment of the district court, dismissing Brown's petition as untimely, is

**AFFIRMED.**[4]

---

[4] Appellant's other arguments are rejected for the reasons expressed at oral argument.