[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10024
Non-Argument Calendar

_____

D.C. Docket No. 06-00002-CV-5

WILLIAM HOPE DAVIS,

Petitioner–Appellant,

versus

STATE BOARD OF PARDONS AND PAROLES,
MILTON E. NIX, JR., Chairman,
GARLAND R. HUNT, Vice-Chairman,
GARFIELD HAMMONDS, Member,
EUGENE P. WALKER, Member, et al.,

Respondents–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 1, 2008)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

William Hope Davis, a pro se Georgia state prisoner, appeals the denial of his federal habeas petition as untimely. See 28 U.S.C. §§ 2241, 2244(d)(1)(D). Davis argues that the district court erred when it determined that the "factual predicate" which began the statute of limitations period was the Board of Pardons and Paroles' ("Board") initial May 23, 1997 decision to deny Davis parole and not its subsequent June 2, 2005 denial on reconsideration. Without reaching the issue of which event triggered the limitations period with respect to Davis's claim, we affirm.

We previously have held that § 2241 petitions brought by individuals in custody pursuant to the judgment of a state court are subject to the exhaustion requirements of § 2254—including exhaustion of state remedies. Dill v. Holt, 371 F.3d 1301,1302-03 (11th Cir. 2004) (citing Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir.2003)); 28 U.S.C. § 2254(b)(1)(A). It is firmly established under Georgia law that a parole decision can be challenged by filing a petition for writ of mandamus. Brown v. Barrow, --- F.3d ----, 2008 WL 108706, at *2 (11th Cir. 2008) (citing Lewis v. Griffin, 376 S.E.2d 364 (1989); Justice v. State Bd. of Pardons and Paroles, 218 S.E.2d 45 (1975)). Davis did not present his claim in a

2

state court mandamus proceeding or in any other state judicial proceeding. Therefore, even assuming arguendo that Davis could not have known the factual predicate for his claim until the Board denied him parole for the second time in June 2005, his petition was nonetheless properly denied because Davis failed to exhaust remedies available to him in the Georgia state courts.

The dismissal of Davis's habeas petition by the district court is

**AFFIRMED**.