FILED
United States Court of Appeals
Tenth Circuit

December 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANK VIGIL, JR.,

      Petitioner-Appellant,

v.

SUSAN JONES, Warden;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

No. 08-1233
(D.C. No. 08-cv-00509-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Frank Vigil, Jr. ("Vigil"), a Colorado state prisoner appearing <u>pro se</u>, applies for a certificate of appealability ("COA") in order to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. Vigil also moves for leave to proceed <u>in forma pauperis</u> ("<u>ifp</u>"). Exercising

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 2253(c)(1), we deny a COA, deny the motion to proceed ifp, and dismiss Vigil's appeal.

I.    Procedural background

In 1998, when he was sixteen years old, Vigil was convicted by a Colorado jury of first-degree murder, second-degree kidnaping involving sexual assault, first-degree assault, conspiracy to commit first-degree murder, conspiracy to commit second-degree kidnaping, and crimes of violence. He was sentenced to life in prison without parole on the murder count, and a total of 150 years' imprisonment on the remaining counts. On direct appeal, Vigil argued that he had been denied a fair trial because of the trial court's admission of highly prejudicial testimony and photographs. The Colorado Court of Appeals affirmed his convictions, and the Colorado Supreme Court denied certiorari review. Ninety days later, on March 27, 2000, his conviction became final.[1] After more than six years had elapsed, on October 25, 2006, Vigil filed a motion for postconviction relief under Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court denied that motion, the Colorado Court of Appeals affirmed the denial, and on October 8, 2007, the Colorado Supreme Court denied certiorari review. Vigil filed his § 2254 petition with the district court on March 5, 2008.

---

[1]Vigil did not file a petition for writ of certiorari in the United States Supreme Court.

In his habeas petition, Vigil made five claims: (1) that he was denied due process when the trial court did not order an inquiry into his competency, despite his age (sixteen) when he was tried and convicted; (2) that he received ineffective assistance of counsel at trial and on appeal; (3) that there exists newly discovered evidence of his innocence; (4) that he was wrongfully convicted; and (5) that there was justifiable excuse for his delay in filing the habeas petition because he had been incompetent, due to his age and to having been held in solitary confinement for much of his imprisonment, until "at least 2006." Respondents filed a Pre-Answer Response arguing that Vigil's petition was barred by the one-year limitation period, 28 U.S.C. § 2244(d),[2] and the exhaustion requirement, 28

_____

[2]Section 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The statutory period begins to run on the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Finally, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the

(continued...)

- 3 -

U.S.C. § 2254(b)(1)(A), imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Concluding that Vigil had asserted no reason, under § 2244(d)(1)(B)-(D), that the limitation period should have begun to run later than the date on which his conviction became final, and that he had made no argument sufficient to support equitable tolling of the limitation period or to demonstrate his actual innocence, the district court found that his habeas petition should have been filed no later than March 27, 2001. As a result, the district court dismissed his petition as procedurally barred by AEDPA's one-year statute of limitations. The district court later denied Vigil's request for a COA and his motion to proceed ifp on appeal, finding that his appeal was not taken in good faith because he had not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised. (Order Denying Leave; Order Denying COA.) This application for COA and motion for leave to proceed ifp followed.

II.    Standard for issuance of COA

"A COA is a jurisdictional prerequisite to our review." Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). We will issue a COA "only 'if the applicant has made a substantial showing of the denial of a constitutional right.'" United States v. Silva, 430 F.3d

---

[2](...continued)
pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

- 4 -

1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). "To make this showing, [Vigil] must establish that 'reasonable jurists could debate whether . . . the petition should have been resolved by the district court in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Clark, 468 F.3d at 713 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (alteration omitted)). Furthermore, because the district court dismissed Vigil's habeas petition on procedural grounds, Vigil "must demonstrate both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. (quotation omitted).

III.    Discussion

Because Vigil's § 2254 motion and application for COA are pro se, we construe them liberally. See Hall v. Scott, 292 F.3d 1264, 1266 (10th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Vigil raises three arguments in his application for COA: (1) that the one-year limitation period imposed by 28 U.S.C. § 2244(d) should be equitably tolled until 2007 because he was denied effective assistance of counsel in seeking post-conviction relief; (2) that the one-year limitation period imposed by 28 U.S.C. § 2244(d) should be equitably tolled until 2007 due to his incompetence, which derived from both his age and his incarceration in solitary confinement; and (3)

that he was denied due process of law when he was tried, convicted and sentenced while he was incompetent due to his age. We address each argument in turn.

A. *Equitable tolling due to ineffective assistance of counsel in seeking post-conviction relief*

To be eligible for equitable tolling, Vigil must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. Vigil's burden in making this demonstration is a heavy one: we will apply equitable tolling only if he is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Vigil first argues that AEDPA's one-year limitations period should be equitably tolled because he has not received effective assistance of counsel while seeking post-conviction relief. (Doc. 8 (Reply to Resp.) at 1; Opening Br. at 3.) However, because there is no right to counsel in post-conviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks

upon their convictions . . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); United States v. Prows, 448 F.3d 1223, 1229 (10th Cir. 2006).

Vigil also asserts that, as a pro se litigant, he should be excused from knowledge of AEDPA's one-year limitation period (Opening Br. at 3). However, in the absence of a showing of "specific facts to support [a] claim of extraordinary circumstances and due diligence," Yang, 525 F.3d at 928, pro se status and ignorance of the law do not entitle Vigil to equitable tolling, see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Vigil has made no such showing of specific facts.

Because Vigil does not have a right to counsel in seeking post-conviction relief, and because he has not shown extraordinary circumstances related to his pro se status, we deny a COA as to this issue.

B.      *Equitable tolling due to incompetence*

i.       Incompetence due to age

Vigil argues that we should equitably toll the one-year limitation period because he was only sixteen years old when he was convicted of his crimes, and did not mature at the normal rate because he was immediately held in solitary confinement (Doc. 3 (habeas petition) at 9-10; Application at 4). Vigil relies heavily on Tate v. State, 864 So. 2d 44 (Fla. Dist. Ct. App. 2003). In Tate, the Florida Court of Appeals held that due process required a competency evaluation,

by the trial court, for a twelve-year-old murder defendant with an IQ of approximately ninety.  Id. at 48.  Vigil has failed to demonstrate, however, that he was or is in any way similar to a twelve-year-old with an IQ of 90.  In addition, nothing in the record constitutes such a "factual showing of mental incapacity," Lawrence, 127 S. Ct. at 1086.

Furthermore, for the purposes of acting on one's own behalf in a court of law, the age of majority in Colorado is eighteen.  Colo. Rev. Stat. Ann. § 13-22-101 (West 2008).  Colorado's Juvenile Justice System statute thus defines "child" as "a person under eighteen years of age." Id. § 19-1-103(18).  When Vigil's conviction became final and the § 2241(d) limitation period began to run on March 27, 2000, he was nineteen years old.  Therefore, his argument in this regard lacks merit.

ii.    Incompetence due to solitary confinement

Vigil also argues that we should equitably toll the limitation period until 2007 because he has been held in solitary confinement for all but eight months of his incarceration, and was incompetent while he was so held.  (Application at 4.)  Vigil's own explanation of his situation defeats this argument, as the eight-month span in which he was not in solitary confinement ran from November 28, 2002, through July 1, 2003.  (Doc. 3 (habeas petition) at 10.)  Yet he began filing his motions for post-conviction relief on October 25, 2006, when he was again in

solitary confinement.  Clearly, then, being held in solitary confinement did not render Vigil incompetent to pursue habeas relief.

Because Vigil has not shown extraordinary circumstances or due diligence related to his claims of incompetence, we deny a COA as to this issue.

C.     *Denial of due process due to incompetence at time of conviction*

Because we conclude that the district court correctly dismissed Vigil's habeas petition as procedurally barred under 28 U.S.C. § 2244(d), we do not reach this issue.

IV.    Conclusion

For the foregoing reasons, and because Vigil has failed to set forth facts demonstrating his actual innocence, we DENY Vigil's request for a certificate of appealability and DISMISS his appeal.  Agreeing with the district court's finding that the appeal was not taken in good faith, we also DENY Vigil's motion for leave to proceed ifp.

                              ENTERED FOR THE COURT


                              David M. Ebel
                              Circuit Judge