[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11121
Non-Argument Calendar

_____

D. C. Docket No. 05-00683-CV-BBM-1

GARY L. HAWES,

Petitioner-Appellant,

versus

TONY HOWERTON, Warden,
PAROLE BOARD,
THURBERT E. BAKER,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 1, 2009)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Gary Lee Hawes, a Georgia state prisoner proceeding <u>pro se</u>, appeals the dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. After review, we affirm.

Hawes is serving a life sentence for murder, armed robbery, aggravated assault and possession of a firearm during the commission of a felony. Hawes was convicted in 1977 and paroled in 1993. On October 28, 1998, after a hearing, the Georgia Board of Pardons and Paroles ("Parole Board") revoked Hawes's parole for failing to carry out his parole officer's instructions to participate in mental health counseling and to maintain gainful employment. On the same date, the Parole Board notified Hawes of the decision by letter.

On March 5, 2005, Hawes filed this § 2254 petition challenging the revocation of his parole. The district court dismissed the § 2254 petition as successive and time-barred. We conclude that the district court correctly dismissed Hawes's § 2254 petition as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. Thus, we do not address the district court's alternative conclusion that Hawes's § 2254 petition was successive.[1]

_____

[1]The certificate of appealability ("COA") granted by the district court limited the issues on appeal to whether a 2001 letter Hawes wrote to the district court was an initial federal habeas

The AEDPA imposes a one-year statute of limitations on petitions filed pursuant to § 2254. 28 U.S.C. § 2244(d)(1). When, as here, the petitioner is challenging a parole board decision, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See Brown v. Barrow, 512 F.3d 1304, 1307 & n.1 (11th Cir. 2008) (citing 28 U.S.C. § 2244(d)(1)(D)).[2]

Here, on October 28, 1998, the Parole Board revoked Hawes's parole and sent him a letter notifying him of the decision. Thus, Hawes's deadline for filing a federal habeas petition was October 28, 1999. See Brown, 512 F.3d at 1307-08 (concluding that, for a Georgia prisoner serving a life sentence, the AEDPA's one-year limitations period begins to run when the Parole Board's decision is made and that subsequent requests for reconsideration do "not affect the finality [of the Parole Board's decision] or otherwise toll the limitations period"). However, Hawes's § 2254 was not filed until March 5, 2005, over five years after the limitations period expired. Thus, unless the one-year limitations period was tolled,

_____

corpus petition and whether the instant § 2254 petition was either successive or time-barred. Thus, we do not address the other arguments Hawes raises relating to the merits of his parole revocation, which are outside the scope of the COA. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

[2]We review de novo the district court's determinations that a petition for federal habeas corpus relief is time-barred under § 2244(d) and that the limitations period was not tolled. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

3

Hawes's § 2254 petition was untimely.

AEDPA's limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (quotation omitted). Therefore, if a state habeas petition is properly filed more than one year after the § 2244 statute of limitations began to run, a subsequent federal habeas petition will be time-barred notwithstanding the properly filed state habeas petition. Id.

Hawes filed two possible tolling documents between the time that his parole was revoked and his § 2254 petition was filed. First, on October 14, 2002, Hawes filed a state habeas petition. Because the one-year limitations period already had expired on October 28, 1999, Hawes's state habeas petition did not toll the statute of limitations. See 28 U.S.C. § 2244(d)(2); Tinker, 255 F.3d at 1333.

Second, Hawes claims he filed a petition for a writ of mandamus with the Fulton County Superior Court in either October 2001 or October 2002.[3] The

_____

[3]Hawes's objection to the magistrate judge's report and recommendation stated that Hawes filed his state mandamus petition in October 2001. However, Hawes's motion for

record does not contain a copy of Hawes's mandamus petition. The only record evidence pertaining to Hawes's alleged petition for mandamus is a February 15, 2002 order by the Superior Court denying his request to file a mandamus petition in forma pauperis. Specifically, the order states:

> Pursuant to O.C.G.A. Section 9-15-2 (d), the Court finds that the pleading has such a complete absence of any justiciable issue of fact or law that it cannot be reasonably believed that a court could grant relief. Accordingly, Petitioner's request to file the pleading, in forma pauperis, is DENIED.

Thus, the record is silent as whether and when Hawes actually ever filed his state mandamus petition and what its contents might have been.

In his district court pleadings, Hawes stated that he mailed the state mandamus petition and it was returned by the United States Postal Service in March 2003 in an envelope "obviously not mailed from [the] court" and with a handwritten notation "No Sender's Address; Return to Sender." According to Hawes, the returned mandamus petition did not have a file number and had not been served on the defendants.

This Court has not yet addressed whether a state mandamus petition challenging a Parole Board decision constitutes an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). See

---

reconsideration stated that the state mandamus petition was filed in October 2002.

5

Brown, 512 F.3d at 1308 n.2 (noting that "a properly filed state mandamus petition would probably toll the limitations period," but declining to address the question). We need not reach the issue because Hawes has not presented any evidence that his alleged mandamus petition was either "filed" or "properly filed" within the AEDPA's one-year limitations period that ended October 28, 1999. See Webster v. Moore, 199 F.3d 1256, 1257-58 (11th Cir. 2000) (placing burden on habeas petitioner to show post-conviction motions were properly filed and thus tolled AEDPA's limitations period under § 2244(d)(2)). Thus, Hawes has not shown that his § 2254 petition is saved by the statutory tolling provision of § 2244(d)(2). For these reasons, we affirm the district court's dismissal of Hawes's § 2254 petition as time-barred.

**AFFIRMED.**