**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 25, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANDRES PENA-GONZALES,

    Petitioner - Appellant,

v.

STATE OF KANSAS,

    Respondent - Appellee.

No. 21-3174
(D.C. No. 5:21-CV-03185-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Andres Pena-Gonzales seeks a certificate of appealability (COA) from an order

denying his 28 U.S.C. § 2254 petition as untimely. Because reasonable jurists would not

debate the district court's ruling, we deny Pena-Gonzales's request and dismiss this

matter.

Pena-Gonzales's § 2254 petition involves his state-court convictions for two child

sex offenses and one count of supplying alcohol to a minor. Pena-Gonzales filed his

petition in August 2021, after unsuccessfully challenging his convictions in state court on

direct appeal and in post-conviction proceedings. *See State v. Pena-Gonzales*, 2016 WL

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

1614025 (Kan. Ct. App. 2016) (unpublished); *Pena-Gonzales v. State*, 2020 WL 3487478 (Kan. Ct. App. 2020) (unpublished). The federal district court denied Pena-Gonzales's § 2254 petition as untimely, determining that he filed it more than one year after his state-court direct appeal ended (excluding time spent pursuing state-court habeas relief) and asserted no viable excuse for his untimeliness. *See* 28 U.S.C. § 2244(d)(1)(A), (d)(2). The district court also declined to issue a COA.

Pena-Gonzales now seeks a COA from this court so that he may appeal the order dismissing his petition.[1] *See* 28 U.S.C. § 2253(c)(1)(A). When, as here, the district court dismisses a habeas petition on procedural grounds, we may grant a COA only if the petitioner shows that reasonable jurists could debate both (1) the district court's procedural ruling and (2) the validity of the petitioner's constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that Pena-Gonzales has not made this showing as to the first requirement.

At the outset, Pena-Gonzales does not dispute the district court's determination that he filed his petition months after the one-year statutory deadline had expired. *See* § 2244(d)(1)(A), (d)(2). Instead, he disputes the district court's decision not to overlook his untimely filing under the equitable-tolling or actual-innocence doctrines.

To invoke equitable tolling, Pena-Gonzales must show that he "diligently pursue[d] his claims" but could not timely file them because of "extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124

---

[1] "Because [Pena-Gonzales] has filed his application for a COA pro se, we construe his petition liberally." *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

(10th Cir. 2008) (quoting *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000)). Pena-Gonzales argues that such circumstances exist here because, for about the last six months of the one-year filing period and until he filed his § 2254 petition months later, lockdowns caused by COVID-19, riots, and prison killings prevented him from accessing the prison law library. He also asserts that repeated prison transfers prevented him from receiving notice about the outcome of his state-court habeas appeal. Yet even if those circumstances qualify as extraordinary, Pena-Gonzales alleges no "specific facts" to show "the steps he took to diligently pursue his federal claims" while those circumstances existed.[2] *Yang v. Archuleta*, 525 F.3d 925, 928, 930 (10th Cir. 2008) (first quoting *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008); and then quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). For example, as the district court noted, he does not mention particular steps he took to "finaliz[e] and fil[e] the petition" while the limitations period ran, "such as drafting the petition or asking his appointed state counsel for information on the status of his state [habeas] proceedings." R. 129. Given Pena-Gonzales's failure to allege specific facts showing that he diligently pursued his claims, reasonable jurists could not debate the district court's decision to reject equitable tolling.

---

[2] Similarly, Pena-Gonzales offers no factual support for his assertion that prison officials confiscated his legal papers during lockdown. To be sure, our court has recognized that such conduct may justify equitable tolling when properly alleged. *See Gabaldon*, 522 F.3d at 1126 ("[A] complete confiscation of [petitioner's] legal materials just weeks before his [or her] filing deadline would constitute extraordinary circumstances for the purposes of equitable tolling."). But besides conclusory allegations, Pena-Gonzales provides no evidence suggesting that confiscation occurred here. For this reason, we must reject his claim. *See Yang*, 525 F.3d at 928 (requiring "specific facts" supporting both "extraordinary circumstances *and* due diligence" (emphasis added) (quoting *Brown*, 512 F.3d at 1307)).

3

The same conclusion applies to the district court's actual-innocence determination. Pena-Gonzales had to make "a credible showing of actual innocence" that would "allow [him] to overcome . . . his failure to abide by the federal statute of limitations." *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021), *petition for cert. filed* (U.S. Jan. 3, 2022) (No. 21-970). Such a showing requires new evidence—that is, evidence not presented at trial—that makes it "more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Id.* at 1030–31 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)).

Here, the only new evidence Pena-Gonzales cites falls far short of meeting that standard. Pena-Gonzales points to a handwritten letter, purportedly from his ex-girlfriend, claiming that (1) she owned the pair of underwear worn by his victim when the offenses occurred, and (2) his DNA was found on the underwear because Pena-Gonzales and his girlfriend had had sex earlier that day. The district court persuasively explained why a reasonable juror faced with this letter would not have reasonable doubt about Pena-Gonzales's guilt: it "is not signed, dated, or notarized"; it conflicts with the victim's trial testimony that Pena-Gonzales committed the crimes and with her reports "to multiple people . . . immediately after they occurred" identifying him as the offender; and it "does not undermine the weight of the [separate] DNA sample taken from the victim's leg." R. 132. For these reasons, we agree with the district court that Pena-Gonzales did not make the required showing to excuse his untimely filing on actual-innocence grounds. *See Fontenot*, 4 F.4th at 1030–31.

4

In short, because Pena-Gonzales has not shown that reasonable jurists could debate the district court's procedural ruling that his § 2254 petition is untimely, we decline his COA request and dismiss this matter. *See Slack*, 529 U.S. at 484.

Entered for the Court


Nancy L. Moritz
Circuit Judge