**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 14, 2006**

**TENTH CIRCUIT**

---

GREGORY STEWART HUBLER,

     Petitioner - Appellant,

v.

JOE ORTIZ, Director Colorado
D.O.C.; JOHN SUTHERS, The
Attorney General of the State of
Colorado,

     Respondents - Appellees.

No. 06-1173
(D.C. No. 06-CV-00211 ZLW)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Gregory Stewart Hubler, a state inmate appearing pro se, seeks a certificate

of appealability (COA) so that he may appeal from the district court's denial of

his habeas petition filed pursuant to 28 U.S.C. § 2254. Because Mr. Hubler has

failed to demonstrate that it is reasonably debatable whether the district court's

procedural ruling dismissing his claim is correct, see Slack v. McDaniel, 529 U.S.

473, 484 (2000), we deny a COA and dismiss the appeal.

On December 12, 1999, before a Colorado state court, Mr. Hubler pled

guilty to pandering to a child in violation of Colo. Rev. Stat. § 18-7-403(1)(b). R.

Doc. 8, Att. 4. On February 29, 2000, he was sentenced to 20 years probation. Id. He did not file a direct appeal from his conviction. On March 5, 2002, for reasons not reflected in the record, Mr. Hubler's probation was revoked, and he was sentenced to 14 years in prison. Id.

According to Mr. Hubler, in July 2003, he filed an application for post-conviction relief in state trial court. On August 15, 2005, the trial court denied that motion, on May 19, 2005, the Colorado Court of Appeals affirmed concluding the motion was untimely, and on October 11, 2005, the Colorado Supreme Court denied his petition for writ of certiorari. He further alleges that on June 24, 2005, he filed a second post-conviction motion, on July 5, 2005, the trial court denied the motion, and his appeal therefrom is still pending in the Colorado Court of Appeals.

On February 7, 2006, Mr. Hubler filed his federal habeas petition. R. Doc. 3. It was received for filing on January 26, 2006. In it, he challenged the legality of his conviction on several grounds. See id.

On February 9, 2006, the magistrate judge assigned to the case ordered Mr. Hubler to show cause why his petition should not be denied as time-barred by the one-year limitations period in 28 U.S.C. § 2244(d). R. Doc. 4 at 4. On March 6, 2006, Mr. Hubler filed his response to the show cause order, see R. Doc. 5, and on April 5, filed a combined motion to amend his petition and request for leave of court to conduct discovery with the appointment of counsel, see R. Doc. at 6. The

district court denied Mr. Hubler's motion to amend, in part, denied his request to conduct discovery with appointment of counsel, and, without addressing Mr. Hubler's constitutional claims, dismissed his habeas petition as time-barred. See R. Doc. 7.

When the district court denies a habeas petition on procedural grounds and fails to address the prisoner's constitutional claims, we may issue a COA only if the prisoner demonstrates that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack, 529 U.S. at 484. On appeal, Mr. Hubler argues the merits of his claims and that the district court erred in determining his action is barred by limitations. The district court's conclusion that Mr. Hubler's claims are time-barred is not reasonably debatable. The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted on April 24, 1996, provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period usually commences on "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). Mr. Hubler did not file a direct appeal from his conviction, and thus it became final on April 14, 2000, forty-five days after the imposition of his judgment and sentence. See Colo. App. R. 4(b)(1). Mr. Hubler therefore had until April 14, 2001, to file his § 2254

- 3 -

petition.  He did not file his § 2254 motion until February 7, 2006, well past the deadline.

The running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding filed during the one-year limitations period.  See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).  But a petition for post-conviction relief filed in state court after the limitations period has expired no longer serves to toll it.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  Thus, Mr. Hubler's July 2003 and June 24, 2005, applications for post-conviction relief are of no consequence.

The limitations period for § 2254 motions is also subject to equitable tolling in extraordinary circumstances, Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), such as where "a constitutional violation [will] result[ ] in the conviction of one who is actually innocent or incompetent," Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  But in order for a petitioner to avail himself of the actual innocence exception he must demonstrate that his claim is based on a an independent constitutional violation.  See Herrera v. Collins, 506 U.S. 390, 400, 404 (1995) (holding that although actual innocence is not itself a recognized constitutional claim, it can serve as a "gateway" through which a habeas petitioner may advance an otherwise procedurally barred constitutional claim).

Mr. Hubler's claim of actual innocence is unavailing.  It is tied to an assertion that the State violated Brady v. Maryland, 373 U.S. 83 (1963), and its

progeny, by failing to disclose potentially material impeachment evidence before he rendered his guilty plea and "strategically sealing" a volume of the court record—specifically, an unlabeled manilla envelope. See COA App. at 3-4; Aplt. Br. at 7-10. As to the potentially material impeachment evidence, the Supreme Court closed the door on Mr. Hubler's argument in United States v. Ruiz, 536 U.S. 622, 629 (2002), when it held that the Constitution does not require pre-guilty plea disclosure of impeachment information. Mr. Hubler's attempt to distinguish Ruiz as a drug case, as opposed to the "sex-type" case here, see COA App. at 4, is unpersuasive. And as to the sealed record, the district court did not abuse its discretion in denying his discovery request based on Mr. Hubler's allegations regarding the possibility of uncovering exculpatory evidence therein. See Rector v. Johnson, 120 F.3d 551, 562-63 (5th Cir. 1997) (district court did not abuse its discretion in denying discovery into sealed records when petitioner failed to make at least a prima facie showing of what specifically he intends to find and prove).

Mr. Hubler also claims the time-bar should be excused because the felony complaint and information to which he pleaded does not contain a date, signature or file stamp and therefore the state district court lacked jurisdiction over the criminal matter. See Colo. Rev. Stat. § 16-5-101(c). Even assuming that the copy he submits was incomplete, it plainly specifies the counts. Regardless, we are unpersuaded that this type defect suggests actual innocence that would be

required for equitable tolling.  See Schlup v. Delo, 513 U.S. 298, 327-28 (1995).

We DENY IFP status, DENY a COA, and DISMISS this appeal.  All pending motions are DENIED.  We STRIKE the supplemental authority ostensibly filed pursuant to Fed. R. App. P. 28(j) on August 7, 2006, as improper argument.  See United States v. Lindsey, 389 F.3d 1334, 1336 n.1 (10th Cir. 2004).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge