**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEFF MARICLE,

        Petitioner-Appellant,

    v.

BRUCE HOWARD, Warden,

        Respondent-Appellee.

No. 08-6037

(W.D. of Okla.)

(D.C. No. CV-07-717-HE)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

    Jeff Maricle, an Oklahoma state prisoner, asks this court for a Certificate of Appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred under § 2244(d)(1)(A). Maricle devotes little attention to the district court's decision on the time-bar, but rather primarily reasserts his claims on the merits.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We agree with the district court's holding that Maricle's habeas petition is time-barred under § 2244(d)(1)(A). Accordingly, his request for a COA is DENIED.

## I. Background

On June 6, 2002, Maricle, pursuant to a guilty plea, was convicted in an Oklahoma state court on two counts of first degree manslaughter. He did not move to withdraw the plea within 10 days of the conviction, and, under Oklahoma rules, his conviction became final on June 16. Maricle thus waived his right to directly appeal the conviction, but on November 2, 2006, he filed for post-conviction relief in the state court, seeking to withdraw his plea. That petition was denied, and the denial was affirmed by the Oklahoma Court of Criminal Appeals on May 9, 2007.

Proceeding pro se,[1] Maricle next filed a § 2254 petition for writ of habeas corpus on June 28, 2007, alleging ineffective assistance by his trial counsel and a violation of his speedy trial rights. The district court, after ordering Maricle to show cause why his petition was not time-barred, dismissed the petition as untimely under § 2244(d)(1)(A).

---

[1] Because Maricle is proceeding pro se, we review his petition liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. Analysis

The Antiterrorism and Effective Death Penalty Act conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Maricle does not satisfy this standard.

Section 2244(d)(1) establishes a one-year statute of limitations for the filing of a habeas petition. Relevant here is subsection (A), which commences the limitations period on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

Under Oklahoma law, a conviction pursuant to a guilty plea becomes final 10 days after entry of judgment or sentence, unless the convicted person moves to withdraw the plea within these 10 days. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (citing Oklahoma rules for directly appealing a conviction entered pursuant to a guilty plea). The district court thus correctly determined

-3-

that Maricle had until June 16, 2003—one year and 10 days after his conviction pursuant to a guilty plea—to file a habeas petition. Because Maricle filed his petition on June 28, 2007, it is time-barred.

Tolling doctrines cannot save Maricle's petition from being time-barred. Statutory tolling under § 2254(d)(2) covers the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Maricle did not file for state post-conviction relief until November 2, 2006—well after the relevant period of limitations had already expired. Statutory tolling thus does not apply.

Nor does Maricle qualify for equitable tolling. Although the one-year time-bar under § 2254(d)(1) is not jurisdictional and may, in extraordinary circumstances, be subject to equitable tolling, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), such circumstances are not present here. The burden is on Maricle to satisfy the extraordinary circumstances requirement, *id.*, and for the reasons the district court explained, Maricle failed to satisfy this burden. There is simply no reason he should have waited until June 28, 2007 to file a petition he should have filed by June 16, 2003. We cannot conclude such a long delay represents Maricle "diligently pursu[ing] his claims." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 1992).

In sum, the district court correctly dismissed Maricle's petition as untimely.

## III. Conclusion

For the foregoing reasons, we DENY Maricle's request for a COA.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge