FILED
United States Court of Appeals
Tenth Circuit

October 3, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY DALAWRENCE TAYLOR,

        Petitioner - Appellant,

v.

MIKE WADE,

        Respondent - Appellee.

No. 19-6062
(D.C. No. 5:19-CV-00029-G)
(W.D. Oklahoma)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **McHUGH**, **KELLY** and **MORITZ**, Circuit Judges.

Terry DaLawrence Taylor, an Oklahoma state prisoner acting pro se,[1] seeks a certificate of appealability ("COA") in order to challenge the district court's denial of his petition for relief under 28 U.S.C. § 2254 ("§ 2254 petition"). Exercising our jurisdiction under 28 U.S.C. § 1291, we deny Mr. Taylor's application for a COA.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Taylor proceeds pro se, we liberally construe his filings. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we will not act as his advocate. *See id.*

## I.    BACKGROUND

On June 28, 1999, Mr. Taylor pleaded guilty to charges in three Oklahoma County District Court Cases. On April 23, 2018, Mr. Taylor filed an Application for Post-Conviction Relief in the Oklahoma County District Court, seeking to withdraw his pleas. The Oklahoma County District Court denied his application for relief on July 27, 2018. The Oklahoma Court of Criminal Appeals later affirmed this denial.

On January 11, 2019, Mr. Taylor filed a § 2254 petition in the United States District Court for the Western District of Oklahoma, raising the following four grounds for relief:

1.  Ineffective assistance of counsel;

2.  His pleas were not knowing and voluntary;

3.  There existed no factual basis for the trial court to accept the pleas; and

4.  The trial court allowed an improper minimum sentence to be stated on the pleas.

The United States Magistrate Judge issued a Report and Recommendation ("R&R"), determining (1) the applicable limitations period expired more than eighteen years before Mr. Taylor filed his habeas petition; (2) statutory tolling was unavailable because Mr. Taylor's state application for post-conviction relief was not timely filed; and (3) Mr. Taylor failed to establish an entitlement to equitable tolling. The district court subsequently adopted the R&R over Mr. Taylor's objections, dismissing his § 2254 petition and denying a COA.

Mr. Taylor timely filed with this court a combined application for a COA and opening brief challenging the district court's denial of his § 2254 petition.

## II.    CERTIFICATE OF APPEALABILITY

To appeal the district court's denial of his § 2254 petition, Mr. Taylor must first obtain a COA, which is available only if Mr. Taylor can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Mr. Taylor must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the district court concluded that Mr. Taylor failed to file his petition within the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period and it denied Mr. Taylor a COA without reaching the merits of his petition.

When the district court has disposed of a claim on procedural grounds, such as timeliness, we will issue a COA only when the petitioner meets a two-part standard, showing both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478; *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

3

In his application to this court, Mr. Taylor alleges that the district court improperly dismissed his petition as untimely without addressing the merits of his claim. In his brief, Mr. Taylor alleges three grounds for relief:

1. There existed no factual basis for the trial court to accept his guilty pleas;

2. He received erroneous advice about the length of his possible sentence; and

3. The state court erroneously combined statutes when sentencing him.

The district court dismissed Mr. Taylor's petition as untimely, so to receive a COA Mr. Taylor must satisfy both parts of the *Slack* double hurdle by showing that "jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 478. Because Mr. Taylor has not shown that jurists of reason could debate whether the district court was correct in its procedural ruling, we need not address whether his petition states a valid claim of the denial of a constitutional right.

## III.   DISCUSSION

Under AEDPA, a § 2254 petitioner must apply for a writ of habeas corpus within one year from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The district court determined that Mr. Taylor's conviction became final on July 8, 1999. *Maricle v. Howard*, 282 F. App'x 683, 684 (10th Cir. 2008) ("Under Oklahoma law, a conviction pursuant to a guilty plea becomes final 10 days after entry of judgment or sentence, unless the convicted person moves to withdraw the plea within these 10 days."). Mr. Taylor filed his § 2254 petition on January 11, 2019, more than eighteen years after the expiration of the statutory deadline in July 2000. Thus, the district court found that Mr. Taylor's § 2254 petition was untimely absent statutory or equitable tolling.

No reasonable jurist could debate the district court's conclusion on this point. Mr. Taylor's conviction became final in 1999 under § 2244(d)(1)(A), and Mr. Taylor has not argued that he faced an impediment to filing, that his petition invokes a right newly recognized by the Supreme Court, or that his claims depend on facts that could not have been discovered until a later date through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)–(D). AEDPA's statute of limitations for the filing of his habeas petition thus expired in 2000.

5

Nor could reasonable jurists debate the district court's conclusion that Mr. Taylor's petition is not entitled to statutory or equitable tolling. Under 28 U.S.C. § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." But even though AEDPA's one-year limitations period does not run while petitioner's application for state post-conviction relief is pending, "a petition for [state] post-conviction relief filed . . . after the limitations period has expired no longer serves to toll it." *Hubler v. Ortiz*, 190 F. App'x 727, 729 (10th Cir. 2006). Mr. Taylor filed his application for state post-conviction relief on April 23, 2018, too late to benefit from statutory tolling under § 2244(d)(2) because his limitations period expired in July 2000.

To qualify for equitable tolling, Mr. Taylor must demonstrate that extraordinary circumstances prevented him from timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). He must have been reasonably diligent in pursuit of his habeas claims, *see Holland v. Florida*, 560 U.S. 631, 653 (2010), and he bears a "strong burden to show specific facts" supporting equitable tolling, *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). In his § 2254 petition, Mr. Taylor gave no explanation for his untimeliness and presented no argument that he was entitled to equitable tolling. As the district court observed, neither Mr. Taylor's misapprehension of the law nor his unsupported claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an

incarcerated pro se petitioner, generally does not excuse prompt filing." (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))); *Vue v. Dowling*, 716 F. App'x 749, 752 (10th Cir. 2017) (requiring a petitioner "to provide sufficient evidence that his lawyer's purported negligence prevented him from filing a habeas application with the one-year limitations period"). Mr. Taylor does not dispute the district court's conclusion that he was not entitled to equitable tolling, and our independent review of the record has revealed no grounds for doing so.

Therefore, jurists of reason would not find it debatable whether the district court was correct in dismissing Mr. Taylor's petition as untimely, and we may not issue a COA.

## IV.    CONCLUSION

Because Mr. Taylor has failed to demonstrate that jurists of reason could debate whether the district court was correct in its procedural ruling, we **DENY** his request for a COA and **DISMISS** the appeal.  Mr. Taylor's motion for leave to proceed in forma pauperis is granted.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

7